**Blaine H. MYERS, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. No. 94–17–JO.**

United States District Court, D. Oregon.

Jan. 27, 1995.

Montgomery W. Cobb, Portland, OR, for plaintiffs.

Kristine Olson Rogers, U.S. Atty., Dist. of Oregon, Portland, OR, Barbara A. Johnson, U.S. Dept. of Justice, Washington, DC, for defendants.

*OPINION AND ORDER*

ROBERT E. JONES, District Judge:

Plaintiff filed this action (now consolidated) alleging that the United States, Norman S.

Johnson,[1] and Does 1 through 25,[2] reduced Plaintiff's exemptions on his W–4 form, and thus increased money withheld from his paychecks. Accordingly, Plaintiff asserts two claims for relief: (1) Defendants wrongfully imposed a "jeopardy assessment" on Plaintiff in violation of the Internal Revenue Code ("IRC") § 7429(b), and (2) Defendants knowingly and maliciously interfered with Plaintiff's property and liberty interests in violation of the 5th Amendment of the United States Constitution. Plaintiff requests judicial review and abatement of the jeopardy assessment, in addition to $100,000 in compensatory damages and $1,000,000 as punitive damages for the constitutional violation.

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (# 12–1). Defendants move to dismiss Plaintiff's Complaint (1) for lack of subject matter jurisdiction, because the United States has not waived its sovereign immunity, and (2) for lack of a justiciable case and controversy as to Plaintiff's first claim because no jeopardy assessment was made against Plaintiff.

### ALLEGED FACTS

Plaintiff is a partner in Durham Shorten Breed Syndicate which is "one of numerous partnerships associated with Walter J. Hoyt, III," that engage in cattle breeding and other aspects of the livestock business. Am. Compl. ¶ 3. Plaintiff alleges that Defendant Johnson instructed the director of the Internal Revenue Service ("IRS") Detroit Computing Center to disregard exemptions claimed by Plaintiff on his W–4 form. Id. ¶ 13. After Defendant Johnson's instructions, the director allegedly told Plaintiff's employer to disregard Plaintiff's W–4 form and to treat him as if he requested withholding as a single person with zero allowances. Id. ¶ 14. As a result of Defendant Johnson's actions, the IRS confiscated a portion of

1. Norman Johnson is employed by the Internal Revenue Service.

2. Hereinafter the United States, Johnson, and Does 1 through 25, are collectively referred to as Defendants unless indicated otherwise.

Plaintiff's income. Id. ¶ 16. Plaintiff claims that this constitutes a jeopardy assessment, for which he is entitled to judicial review. Id. ¶¶ 20, 22.

Plaintiff further alleges that Defendant and Does 1 through 25 "knowingly, maliciously and in bad faith, interfered with plaintiff's property and liberty interests in violation of the Fifth Amendment * * *." Id. ¶ 25. In support of this allegation, Plaintiff lists 43 specific incidents evidencing Defendant's "bad faith, malicious and spiteful scheme." Id. ¶ 28. Furthermore, Plaintiff states that formal procedures exist where W–4 forms are deemed "questionable," but they were not followed in this case. Id. ¶¶ 31–32. Therefore, Plaintiff claims that he was denied his right to due process. Id. ¶ 32.

Based on these two claims, Plaintiff demands abatement of the "jeopardy assessment" and restoration of his withholding exemptions. Id. ¶ 23. Additionally, for the constitutional violations, Plaintiff requests $1.1 million in damages. Id. ¶¶ 33–34.

### ARGUMENTS

As mentioned, in response to Plaintiff's claims, Defendants filed their Motion to Dismiss based on two arguments: (1) this Court lacks subject matter jurisdiction over Plaintiff's case, and (2) there is no justiciable case or controversy with respect to Plaintiff's First Claim.

### I. Subject Matter Jurisdiction

#### A. Defendants' Position

Defendants argue that the United States is a sovereign and thus immune from suit unless it waives its sovereign immunity and consents to be sued. Defs.' Mem Supp. Mot. Dismiss at 7–8. Furthermore, the statutes cited by Plaintiff, 28 U.S.C. § 1346(a)(1) and § 1331,[3] do not confer jurisdiction in the absence of such a waiver. Id. at 8.

3. Section 1346(a)(1) provides: "The district courts shall have original jurisdiction * * * of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to

Additionally, claims for refunds are governed by 26 U.S.C. § 7422 [4] which mandates several conditions which must be satisfied before the sovereign has consented to be sued: the taxpayer must first pay the assessment in full and then file an administrative claim for refund which the IRS has either rejected or has not acted upon for a six month period. *Id.* at 9. Because Plaintiff has not complied with these conditions, he is precluded from asserting a refund suit against the sovereign, and his action must be dismissed. *Id.* at 10–12.

Defendants admit that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671–2680, waives sovereign immunity from tort suits for conduct of its agents. *Id.* at 12–13. However, Defendants argue that § 2680 of the FTCA, which lists exceptions to the general waiver, retains immunity for suits "arising with respect to tax assessment or collection * * *." *Id.* at 13 (citing 28 U.S.C. § 2680(c)).[5] Defendants contend that § 2680(c) applies to any claim relating to taxes, even including harassment by an IRS agent. *Id.* at 13–15.

Furthermore, Defendants assert that Plaintiff's claims are also barred by § 2680(a) [6] which states that the sovereign is not liable for actions that are discretionary in nature. *Id.* at 16. Because the IRS is given discretion under Treasury Regulations to determine whether a withholding certificate is defective and whether to inform the employ-er, Plaintiff's cause of action is precluded by § 2680(a). *Id.* at 17.

Lastly, Defendants discount Plaintiff's 5th Amendment constitutional claim because federal income tax withholding does not result in a taking of property without due process. *Id.* at 17–18. Rather, the IRS has broad authority to declare withholding certificates invalid and retain the taxes until it determines whether the withholding is proper. *Id.* at 18–19.

### B. Plaintiff's Position

Plaintiff concedes that the FTCA bars damage claims against the sovereign for conduct arising out of tax collection efforts. Pl.'s Resp. at 4. However, Plaintiff argues that the FTCA is not the sole remedy against agents of the sovereign and does not bar a *Bivens* claim [7] for tortious constitutional violations. *Id.* at 5–6.

Plaintiff also contends that the FTCA retention of immunity for tax collection activities does not apply because Defendants' conduct is not reasonably related to the assessment and collection of taxes. *Id.* at 7–9. Therefore, Plaintiff maintains that he alleges a valid claim for the intentional infliction of emotional distress and tortious interference with a prospective business advantage under the FTCA. *Id.* at 7–8.

In further support of his tort claim, Plaintiff argues that the United States admits, by

---

have been excessive or in any manner wrongfully collected under the internal-revenue laws."

Section 1331 reads: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. Section 7422(a) provides: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority * * * until a claim for refund or credit has been duly filed with the Secretary [in accordance with IRS regulations]."

5. Section 2680(c) reads: "The provisions of this chapter and section 1346(b) of this title shall not apply to (c) Any claim arising in respect of the assessment or collection of any tax or customs duty * * *."

6. Section 2680(a) provides: "The provisions of this chapter and section 1346(b) of this title shall

not apply to (a) Any claim based upon an act or omission of an employee of the Government * * * or based upon the exercise or performance or the discretionary function or duty on the part of the federal agency or an employee of the Government, whether or not the discretion involved be abused."

7. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the U.S. Supreme Court held that federal officials acting under color of authority could be sued for violating plaintiff's Fourth Amendment rights. In subsequent cases, the Court expanded *Bivens* to apply to other amendments. *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (Eighth Amendment); *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (Fifth Amendment).

substituting itself as Defendant pursuant to 28 U.S.C. § 2679(d),[8] that the employees acted "within the scope of their employment." *Id.* at 10. Therefore, the United States may properly be held liable for the actions of its employees, and is foreclosed from arguing that it is not liable for conduct of its employees because they acted beyond the scope of their employment. *Id.* at 11–12.

Lastly, Plaintiff requests the Court to postpone ruling on Defendants' Motion to Dismiss with respect to Plaintiff's First Claim until more discovery is performed so that Plaintiff may determine whether the IRS agents acted under authority granted by IRS regulations. *Id.* at 12–13. If so, they would be immune from suit, but if Defendants' actions are contrary to applicable regulations then they have acted outside their discretion. *Id.* at 13.

## II. Justiciable Case or Controversy

### A. Defendants' Position

Defendant explains that Plaintiff lacks standing to challenge a "jeopardy assessment" of federal taxes because no assessment has been made against Plaintiff. Defs.' Mem. Supp. Mot. Dismiss at 21. Therefore, Plaintiff's First Claim improperly seeks an advisory opinion from the Court regarding a hypothetical injury. *Id.*

### B. Plaintiff's Position

Plaintiff writes that 28 U.S.C. § 1346(a) permits the adjudication of claims regarding monies "in any manner wrongfully collected under the internal-revenue laws." Pl.'s Mem. Resp. at 13. Because improper adjustments to his W–4 form constitute "wrongful collection," there is a justiciable controversy rather than merely a hypothetical issue. *Id.* at 14.

**8.** Section 2679(d)(1) reads: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the Unit-

## STANDARD

On a Rule 12(b)(1) motion where the question of jurisdiction is dependent on the resolution of factual issues going to the merits, a court may not resolve genuinely disputed facts. *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983). Rather, "the district court assumes the truth of allegations in a complaint * * * unless controverted by undisputed facts in the record." *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir. 1987). Dismissal is then appropriate where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).[9]

## DISCUSSION

Plaintiff asserts two claims: (1) Defendants committed a wrongful "jeopardy assessment" by reducing Plaintiff's allowances on his W–4 form which increased money withheld; and (2) Defendants committed a constitutional tort which may be asserted under the FTCA as well as through a *Bivens* suit. I address these claims in turn with regard to Defendant's argument that the Court lacks subject matter jurisdiction over Plaintiff's case.

## I. "Jeopardy Assessment"

Plaintiff does not advance an argument in support of his first claim for relief, but merely requests the Court to postpone its decision until after further discovery. However, I find that the law is clear and no further discovery is necessary.

The district court's jurisdiction of civil actions against the United States for the recovery of internal revenue taxes erroneously or illegally assessed or collected is governed by 28 U.S.C. § 1346(a)(1). As a pre-

ed States shall be substituted as the party defendant."

**9.** "This standard, often cited in Rule 12(b)(6) motions, * * * is equally applicable in motions challenging subject matter jurisdiction when such jurisdiction may be contingent upon factual matters in dispute." *Roberts* at 1177 (citation omitted).

requisite to jurisdiction under § 1346(a)(1), the taxpayer must (1) make full payment of taxes assessed, (2) claim a refund, and (3) if the claim is denied, file a tax suit pursuant to 26 U.S.C. § 7422(a) and § 6532(a)(1).[10] *See United States v. Dalm,* 494 U.S. 596, 599–601, 110 S.Ct. 1361, 1364–65, 108 L.Ed.2d 548 (1990). In this case, Plaintiff fails to allege facts demonstrating that these prerequisites have been met. Instead, Plaintiff seeks judicial review pursuant to 28 U.S.C. § 1346(e) and § 7429(b).[11]

However, Plaintiff cannot avoid the procedural hurdles of § 1346(a)(1) by artful pleadings: conclusory allegations stating that Defendants made a "jeopardy assessment" against Plaintiff will not convert a reduction of his withholding exemptions into a tax "assessment."[12] Consequently, Plaintiff cannot avail himself of federal court jurisdiction accorded to "jeopardy assessments," merely by stating that he is the victim of a "jeopardy assessment," without providing supporting factual allegations.

An "assessment" is made " 'by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary;' * * * [it] is essentially a bookkeeping notation made when the Secretary * * * establishes an account against the taxpayer on the tax rolls."[13] *U.S. v. Toyota of Visalia,* 772 F.Supp. 481, 488 (E.D.Cal.1991), *aff'd,* 988 F.2d 126 (9th Cir.1993) (quoting 26 U.S.C. § 6203). It is "a formal, discrete act with specific legal consequences. * * * [t]he assessment gives rise to a federal tax lien which attaches to the taxpayer's property upon failure to pay after notice and demand. [citations omitted]. In addition, the assessment triggers the six-year statute of limitations for collection of the taxes by levy or by court proceedings." *In re Heritage Village Church and Missionary Fellowship, Inc. v. United States,* 87 B.R. 401, 403 (D.S.C.1988) (held that revoking an organization's tax exempt status is not an act of "assessment"), *aff'd,* 851 F.2d 104 (4th Cir.1988). In light of these specific characteristics and consequences of an "assessment," I find, as a matter of law, that Plaintiff's allegations are insufficient to support the conclusion that the IRS agents' conduct constitutes a "jeopardy assessment." In addition, the Ninth Circuit's decisions in *Stonecipher v. Bray,* 653 F.2d 398 (9th Cir.1981), *cert. den.,* 454 U.S.

---

**10.** As stated earlier in footnote 3, § 1346(a)(1) grants jurisdiction to federal district courts to review "any civil action against the United States for the recovery of any [tax] erroneously or illegally assessed or collected," which includes tax refund suits under § 7422(a).

Section 7422(a) provides: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority * * * until a claim for refund or credit has been duly filed with the Secretary [in accordance with IRS regulations]."

Section 6532(a)(1) states: "No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time * * *."

**11.** Section 1346(e), in conjunction with § 7429, is an alternative to § 1346(a)(1) and § 7422 jurisdiction.

Section 1346(e) states: "The district courts shall have original jurisdiction if any civil action against the United States Provided in * * * section 7429 of the [IRC]." Section 7429, permits federal district courts to review a "jeopardy as-

sessment" without prior tax court scrutiny, to determine its reasonableness. If the court concludes that the making of such assessment is unreasonable or that the amount assessed or demanded is inappropriate, the court may order the Secretary to abate such assessment, to redetermine (in whole or in part) the amount assessed or demanded, or to take such other action as the court finds appropriate. 26 U.S.C. § 7429(b)(3).

**12.** Though the court must accept all material, factual allegations of the complaint as true, it need not accept conclusionary allegations or legal characterizations as true. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981), *cert. den.,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981).

**13.** "Jeopardy assessments" are merely expedited assessments that permit accelerated collection of deficiencies which the IRS determines are jeopardized by delay (*i.e.* where a taxpayer intends to leave the country, conceal himself or his property, become insolvent, etc . . . ). *Commissioner of Internal Revenue v. Hendrickson,* 873 F.2d 1018, 1020–21 (7th Cir.1989). Jeopardy assessments occur *after* the taxpayer's return is due and taxes are owed. *Id.*

1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982) and *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766 (9th Cir.1986), similarly dispose of Plaintiff's alleged "jeopardy assessment" claim.

In *Stonecipher*, IRS agents determined that plaintiff was not entitled to claim a withholding exemption on his W–4 form. 653 F.2d at 400. Accordingly, the IRS agents instructed plaintiff's employer to disregard the W–4 form and to withhold as if plaintiff were a single person with no exemptions. *Id.* In response, plaintiff filed suit against the IRS and its agents, seeking to enjoin the IRS from denying him exempt status and to require the IRS to repay withheld taxes. *Id.* However, the district court dismissed the action for lack of subject matter jurisdiction and failure to state a claim under Rules 12(b)(1) and 12(b)(6). *Id.* On appeal, the Ninth Circuit wrote that the district court properly dismissed plaintiff's complaint pursuant to the Anti–Injunction Act which states in part, " 'no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person * * *.' " *Id.* at 401 (quoting 26 U.S.C. § 7421(a)).

Similarly, in *Bright*, IRS agents declared plaintiff's W–4 form invalid and instructed plaintiff's employer to withhold federal income tax. *Id.* at 768. In response, plaintiff filed an action in state court against his employer for breach of contract, which defendant removed to federal district court. *Id.* Thereafter, the district court granted defendant's motion to dismiss plaintiff's case. On appeal, the Ninth Circuit affirmed the district court's dismissal of plaintiff's case because "actions such as this, are barred by the Anti–Injunction Act, 26 U.S.C. § 7421(a),

which prohibits suits 'for the purpose of restraining the assessment or collection of any tax.' " [14] *Id.* at 770 (quoting *Maxfield v. United States Postal Service*, 752 F.2d 433 (9th Cir.1984)).

As illustrated by the above-cited case law, the Anti–Injunction Act, 26 U.S.C. § 7421(a), prohibits suits like the present action which seek to "restrain the assessment or collection of any tax." Furthermore, § 1346(a)(1) prohibits Plaintiff from pursuing an action in district court prior to tax court review merely by labelling the IRS's actions as a "jeopardy assessment." Therefore, this Court is without jurisdiction to review Plaintiff's cause of action.

Defendants' Motion to Dismiss Plaintiff's First Claim (# 12–1) is GRANTED.

## II. Constitutional Tort/FTCA

In his Memoranda in Opposition to Summary Judgment, Plaintiff asserts both an FTCA claim and a *Bivens* constitutional tort claim against Defendants. Though Plaintiff's allegations in his Complaint support a *Bivens* claim, no allegations even hint at a suit under the FTCA.[15] Therefore, on this motion to dismiss, I address only the *Bivens* claim.

First, to the extent that Plaintiff asserts a *Bivens*-type cause of action against the IRS, the claim is dismissed because such actions may only be brought against individuals. *Federal Deposit Insurance Corp. v. Meyer*, ⸺ U.S. ⸺, ⸺ ⸺⸺, 114 S.Ct. 996, 1004–1006, 127 L.Ed.2d 308 (1994). Secondly, it is well settled that Plaintiff may not maintain a *Bivens* claim for damages arising from the improper collection of taxes because there is no constitutional violation. *Wages v.*

---

**14.** Notably, the court characterized plaintiff's suit as "one to restrain collection (through withholding) of federal income tax," and not as a jeopardy assessment. *Id.* at 770.

**15.** Moreover, Plaintiff fails to allege that he exhausted his administrative remedies before filing suit against the United States. 28 U.S.C. § 2675(a). Section 2675(a) requires a claimant to (1) provide a written statement which sufficiently describes the tortious injury to the enable the agency to begin its own investigation, and (2) a sum certain damages claim. *Burns v. United States*, 764 F.2d 722, 724 (9th Cir.1985). Failure

to comply with § 2675(a) is an absolute bar to a suit against the United States under the FTCA. *Id.* Incidentally, unless new evidence is discovered, the sum certain caps the amount of damages that Plaintiff can recover at trial and punitive damages are absolutely barred. *See* §§ 2675(b), 2674.

If Plaintiff wishes to assert a claim under the FTCA, he must file a motion to amend his complaint and provide allegations in conformity with the foregoing discussion. Otherwise, based on his Complaint, Plaintiff may only maintain a *Bivens* constitutional tort claim.

*Internal Revenue Service,* 915 F.2d 1230, 1235 (9th Cir.1990) (court dismissed claim for damages alleging that IRS agents improperly audited and levied plaintiff's assets in violation of her rights under the Fourth and Fifth Amendments), *cert. den.,* 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991).

▮ Consequently, Plaintiff may only assert claims against the IRS agents for actions outside the scope of tax collection. Of course, whether the agents' actions arose out of the collection of taxes is a factual issue which may not be properly decided on a motion to dismiss. However, accepting Plaintiff's allegations as true, the agents "knowingly, maliciously and in bad faith, interfered with plaintiff's property and liberty interests" under the Fifth Amendment by engaging in a laundry list of harassing acts which extended beyond mere collection of taxes. Am. Compl. ¶¶ 25, 28.

▮ Nonetheless, the agents assert the defense of qualified immunity. Accordingly, they cannot be held liable for "mere mistakes in judgment," *Butz v. Economou,* 438 U.S. 478, 508, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978), but only for conduct that they "knew or reasonably should have known" would violate the constitutional rights of the plaintiff. *Id.* at 499, 98 S.Ct. at 2907. "[A] plaintiff who seeks damages for violation of constitutional or statutory rights may overcome the defendant official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue." *Maraziti v. First Interstate Bank of California,* 953 F.2d 520, 523 (9th Cir.1992)

(citations omitted). In this action, Plaintiff provides no case which suggests that the IRS agents violated "clearly established" Fifth Amendment constitutional rights.

To the extent that Plaintiff's Fifth Amendment "property interest" has been infringed by wrongful assessments, levies, and penalties, "Congress has provided specific and meaningful remedies for taxpayers who challenge overzealous tax assessment and collection activities" in the Internal Revenue Code.[16] *Vennes v. An Unknown Number of Unidentified Agents of the United States,* 26 F.3d 1448, 1454 (8th Cir.1994), *cert. den.,* — U.S. ——, 115 S.Ct. 721, 130 L.Ed.2d 627 (1995); *see also Wages v. I.R.S.,* 915 F.2d at 1235 ("the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under *Bivens* in this situation.")[17]

The remainder of Plaintiff's allegations which do not involve deprivations of property consist of infringements into Plaintiff's Fifth Amendment "liberty interest" to be free from abuse and harassment by IRS officials. Whether freedom from such abuse constitutes a constitutional right is debatable.

A right to be free from harassment by IRS agents was alluded to by the Fifth Circuit in *Rutherford v. United States,* 702 F.2d 580 (5th Cir.1983), when the court remanded the case and instructed the district court to determine whether "the due process clause actually does create in taxpayers a liberty interest in freedom from abusive behavior [by IRS officials]." *Id.* at 584.[18] Four years

---

16. For instance, section 7429 allows review of jeopardy assessments, section 7422 permits suits for tax refunds, and sections 7432 and 7433 authorize civil damages against the United States for specific misconduct by IRS employees: failing to release liens and other prohibited collection activities.

17. Similarly, the Supreme Court in *Schweiker v. Chilicky,* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) writes, "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies." *Id.* at 423, 108 S.Ct. at 2467.

18. Interestingly, in 1989, the Fifth Circuit explained its "holding" in *Rutherford:* "[w]e reversed the district court's dismissal, holding that it had misconstrued the plaintiffs' due process claim as a deprivation of 'property,' rather than a deprivation of 'liberty,' in violation of the fifth amendment. Because the district court had not considered the question, however, we remanded the case for a determination of whether the agent's particularly egregious and offensive conduct might have deprived the plaintiffs of a 'liberty' interest and *if so, whether* that interest, once identified, was so 'clearly established' as to deprive the defendant of his qualified immunity. We did not hold that the alleged conduct violated a protected 'liberty' interest, and we certainly did not hold that the defendant lost his qualified immunity by violating a 'clearly established' con-

later, the Ninth Circuit cited *Rutherford* and echoed that statement to suggest, without actually holding, that there may be a constitutional right under the Fifth Amendment to be free from abusive practices by IRS agents; however, the court admitted that in 1983, "the specific contours as well as the nature of that right were far from settled." *Bothke v. Fluor Engineers & Constructors, Inc.,* 834 F.2d 804, 811 (9th Cir.1987). Though the case-law does not foreclose the existence of a Fifth Amendment right to be free from harassment by IRS officials, no case concludes that such a right exists.

 Even if a Fifth Amendment right exists, it is not "clearly established" because the law is unsettled; at best, the contours of the right are murky.[19] *See e.g., Maraziti* at 525 ("the mere fact that other courts have stated that IRS agents can be sued does not cure the generalized nature of [plaintiff's] claim.); *see also, Wages* at 1235 ("defendants are entitled to qualified immunity, since no prior decisions from our circuit have *clearly* established any of the constitutional rights alleged to have been violated in the amended complaint.") Because Defendants have not violated a "clearly established" constitutional right, they are immune from civil damages and this Court is without jurisdiction to hear Plaintiff's claim.

Because I rule for Defendants on their Rule 12(b)(1) Motion for Lack of Subject Matter Jurisdiction, I need not address Defendants' arguments regarding the absence of a justiciable case or controversy.

Defendants' Motion to Dismiss Plaintiff's Second Claim (# 12–1) is GRANTED.

## CONCLUSION

IT IS ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (# 12–1) is GRANTED.

stitutional right." *Morales v. Haynes,* 890 F.2d 708, 710 (5th Cir.1989) (emphasis in original).

19. Though Plaintiff's allegations may support a claim for intentional infliction of emotional distress or interference with a business opportunity under state law, that does not necessitate finding that Plaintiff has a "clearly established" right under the Fifth Amendment.