**Louise SANDERS, Plaintiff,**

v.

**A.J. CANFIELD CO., Defendant.**

**No. 85 C 7970.**

United States District Court,
N.D. Illinois, E.D.

March 21, 1986.

---

## MEMORANDUM

LEIGHTON, Senior District Judge.

Plaintiff filed this action against her former employer alleging employment discrimination. A first amended complaint consists of seven counts which purport to state claims under a number of federal statutes and the constitutions of the United States and the State of Illinois. Defendant moves to dismiss, and in addition or in the alternative, for summary judgment on Counts II to VII, and on certain portions of

Count I.[1]  This count is based on 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Fourteenth Amendment.  Plaintiff alleges that defendant, a private employer, discriminated against her because of her race and sex.

■ It is well established that the Fourteenth Amendment and § 1983 apply only where the alleged constitutional deprivation is the result of governmental action, not action by private persons. *Phillips v. Money*, 503 F.2d 990, 992 (7th Cir.1974).  Plaintiff concedes that her complaint fails to make the required allegations of state action.  Accordingly, Count I, as it relates to § 1983 and the Fourteenth Amendment, is dismissed.

■ With regard to the § 1981 claim, that statute prohibits discrimination based on race, it does not apply to sexual discrimination. *Masel v. Industrial Commission of Illinois*, 541 F.Supp. 342, 344 (N.D.Ill. 1982).  Accordingly, the § 1981 claim, as it relates to sexual discrimination, is dismissed.

■ Count II is based on Title VII of the Civil Rights Act.  42 U.S.C. § 2000e *et seq.* In order to bring a Title VII action, plaintiff is required to file an Equal Employment Opportunity Commission ("EEOC") charge of discrimination within 300 days of the alleged discrimination.  42 U.S.C. § 2000e–5(e).  Plaintiff fails to allege that this requirement has been satisfied; she merely alleges that an EEOC charge was filed.  While this time limitation is not a jurisdictional prerequisite, and is therefore subject to waiver, estoppel and equitable tolling, *Tillman v. City of Milwaukee*, 715 F.2d 354, 360 (7th Cir.1983), plaintiff must at least allege that "all conditions precedent to the institution of the lawsuit have been fulfilled."  Fed.R.Civ.P. 9(c).  Plaintiff alleges only that her complaint was timely filed.  Because Count II fails to make even a general allegation concerning the Title VII time requirements, it is dismissed. *See, Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir.1982).

■ Count III purports to state a claim under the Equal Pay Act.  29 U.S.C. § 206(d) *et seq.*  Plaintiff must have filed her claim within two years after the cause of action accrued; within three years if defendant acted "willfully or intentionally." 29 U.S.C. § 255(a).  The complaint fails to set forth sufficient facts so that the court can determine when her cause of action accrued.  Accordingly, Count III is dismissed.

■ Count IV purports to state a claim under the Thirteenth Amendment.  There is no direct private cause of action under the Thirteenth Amendment.  Plaintiffs, instead, must resort to statutory remedies created by Congress under the power granted to it by that amendment. *Westray v. Porthole*, 586 F.Supp. 834, 839 (D.Md. 1984).  Accordingly, Count IV is dismissed.

Count V is based on the Fourteenth Amendment.  As noted, the complaint lacks any allegation of state action, therefore Count V is dismissed. *See Phillips*, 503 F.2d at 992.

■ Count VI is based on Article 1, Section 17 of the Illinois Constitution.  The Illinois Human Rights Act, Ill.Rev.Stat. ch. 68, ¶ 1–100 *et seq.* (1983), provides the exclusive remedy for violations of § 17; no independent right of action exists. *Danielson v. DuPage Area Vocational Educational Authority*, 595 F.Supp. 27, 33 (N.D.Ill.1984).  Accordingly, Count VI is dismissed.

■ Count VII purports to state a claim under Article 1, Section 18 of the Illinois Constitution.  Section 18 provides that "[t]he equal protection of laws shall not be denied or abridged on account of sex by the State or its units of local government and school districts."  It is therefore apparent that because plaintiff fails to allege any state action, she has no § 18 claim.  Plain-

---

**1.** Because the court, in ruling on defendant's motion, has not considered matters outside of the pleadings, the motion will be treated as a motion to dismiss.  Fed.R.Civ.P. 12(b).

tiff concedes this point. Accordingly, Count VII is dismissed.

In summary, defendant's motion to dismiss Counts II to VII is granted; its motion to dismiss Count I is granted, except to the extent that Count I states a § 1981 claim of racial discrimination. This ruling is without prejudice to plaintiff filing an amended complaint, if she can so within the dictates of Rule 11, Fed.R.Civ.P. Plaintiff is given 20 days in which to file her amended complaint.

In addition to its motion to dismiss, defendant also moves for reasonable attorney fees and costs incurred in obtaining dismissal of plaintiff's amended complaint. Rule 11 provides that the signature of an attorney to a pleading is a certification that he has made reasonable inquiry on which to base a belief that the allegations made are "well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law...." If a pleading is signed in violation of the rule, the court may impose upon the person who signed it or a represented party, or both, an appropriate sanction. That sanction may include the amount of reasonable expenses, including attorney fees, incurred because of the filing of the defective pleading.

█ This court concludes that Rule 11 sanctions are warranted in this case. Counts IV, V, VII and I, to the extent that it was dismissed, had no basis in law but rather were contrary to well established precedent. A cursory review of the relevant facts and authority leads to the conclusion that plaintiff had no cause of action under the theories set forth in those counts. This is precisely the kind of situation in which Rule 11 sanctions are appropriate. *Rodgers v. Lincoln Towing Service Inc.*, 771 F.2d 194, 205 (7th Cir.1985).

Accordingly, the court, in its discretion grants defendant's motion for fees insofar as it relates to the dismissal of Counts IV, V, VII, and part of Count I. The award is assessed against Steven T. Blum personally, as attorney of record for plaintiff.

So ordered.