**Ronald Edward DECKER and Virginia Faye Decker, Plaintiffs,**

v.

**Margaret RICHARDSON, Commissioner of the Internal Revenue Service et al., Defendants.**

**No. CV. 95–1345–MA.**

United States District Court, D. Oregon.

Jan. 4, 1996.

Ronald Edward Decker and Virginia Faye Decker, Warren, Oregon, plaintiffs pro se.

Kristine Olson, United States Attorney, Portland, Oregon and Sanford W. Stark, United States Department of Justice, Washington, D.C., for federal defendants.

## OPINION AND ORDER

MARSH, District Judge.

Plaintiffs bring this action against various state and federal officials (in both their official and personal capacities) and against the First Interstate Bank, contending the defendants wrongfully assessed and collected taxes from the plaintiffs. Plaintiffs seek compensatory and punitive damages, tax refunds, a release of all liens/levys, court costs, declaratory relief and injunctive relief. Currently before the court is the federal defendants' motion to dismiss and plaintiffs' motion to strike the motion to dismiss.

## BACKGROUND

On February 9, 1993 and March 21, 1995, Notice of Lien Form 668 were filed by the IRS with the Oregon Secretary of State and with the Columbia County clerk's office, in the amount of $37,503.40.

On May 4, 1995 and May 5, 1995, plaintiffs sent a claim for relief against a Notice of Lien/Levy to the IRS.[1] Plaintiffs contend that their claim for relief from the lien was not answered by the IRS.

On June 16, 1995, the IRS filed a Notice of Lien Forms 668W with First Interstate Bank, and seized $4,232.16, $55.15, and $536.88 from plaintiffs' accounts.

---

1. Plaintiffs' complaint fails to specify to which liens the claim for relief was directed. For the purposes of this motion to dismiss, I will assume that plaintiff's claims for relief were directed to the liens of February 9, 1993 and March 21, 1995.

On June 29, 1995, the IRS sent a Notice of Lien/Levy Form 668W to Boise Cascade Corporation regarding plaintiffs.

Plaintiffs filed federal tax returns in the years 1990, 1991, 1992, 1993 and claim a total refund of $30,765. Plaintiffs filed state tax returns for the same years, and claim a total refund of $7414.

Plaintiffs also allege that certain IRS employees conspired with employees of the Oregon Department of Revenue to extort $47,-492.21 from plaintiffs.

Plaintiffs contend that federal defendants have used the United States mail in their attempts to extort money from plaintiffs, and that the statute under which the various liens were issued does not apply to plaintiffs, and that there is no implementing regulation with respect to the lien statute. Plaintiffs further contend they lack tax liability because they are not "a person" liable for income tax or required to file a Form 1040.

## STANDARD

■ Dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Gibson v. United States,* 781 F.2d 1334, 1337 (9th Cir.1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. *Schowengerdt v. General Dynamics Corp.,* 823 F.2d 1328, 1332 (9th Cir.1987), *cert. denied,* 503 U.S. 951, 112 S.Ct. 1514, 117 L.Ed.2d 650 (1992).

## DISCUSSION

■ There are three standard routes for litigating federal tax liability. First, plaintiffs may file a suit in the tax court. *Thomas v. United States,* 755 F.2d 728 (9th Cir.1985).

Second, plaintiffs may file suit in the Court of Federal Claims. *Conforte v. United States,* 979 F.2d 1375, 1377 (9th Cir.1992). Finally, plaintiffs may file a suit for refund in the district court. A district court lacks jurisdiction over suits for refund of amounts paid until the taxpayer has paid the full amount of the assessment and has filed a claim for refund which the IRS has either rejected or not acted upon within 6 months. *Thomas v. United States,* 755 F.2d 728 (9th Cir.1985).

The district court's jurisdiction of civil actions against the United States for the recovery of internal revenue taxes erroneously or illegally assessed or collected is governed by 28 U.S.C. 1346(a)(1). As a prerequisite to jurisdiction under 1346(a)(1), the taxpayer must (1) make full payment of taxes assessed, (2) claim a refund, and (3) if the claim is denied, file a tax suit pursuant to 26 U.S.C. 6532(a)(1) and 7422(a).[2]

In civil actions for refund of erroneously or illegally assessed or collected taxes, 26 U.S.C. 7422(f)(1) states:

A suit or proceeding [for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected] may be maintained only against the United States and not against any officer or employee of the United States.

Section 7422 further states that where plaintiffs' complaint is improperly brought against an officer or employee of the United States, the court shall order "upon such terms as are just, that the pleadings be amended to substitute the United States as a party for such officer or employee." 26 U.S.C. 7422(f)(2).

■ Actions against federal employees in their individual capacities are permitted where the employees are alleged to have violated the Constitution while acting under color of federal authority. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91

**2.** Section 6532(a)(1) provides "[n]o suit or proceeding under Section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time . . ."

Section 7422 provides "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority * * * until a claim for refund or credit has been duly filed with the Secretary [in accordance with IRS regulations]."

S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, actions taken in conjunction with a federal tax collection will not support a *Bivens* claim. *See Wages v. Internal Revenue Service,* 915 F.2d 1230, 1235 (9th Cir.1990), *cert. denied,* 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991) (no constitutional violation arises from the collection of taxes).

 Federal defendants move to dismiss the individually named agents of the IRS in both their personal and official capacities on sovereign immunity grounds. The acts of the federal officials in filing liens and levies and collecting taxes are within the scope of their official responsibilities. Additionally, under Ninth circuit precedent, the collection of taxes is not a constitutional violation which would allow plaintiffs to successfully maintain a *Bivens* action against the federal defendants in their personal capacities. *Wages v. Internal Revenue Service, supra.*

With respect to the official capacity claims, federal defendants correctly argue that the doctrine of sovereign immunity and the terms of 26 U.S.C. § 7422 prohibit suits against federal agency officials for actions taken pursuant to tax collection. However, the express terms of Section 7422 allow the court to order that the United States be substituted as the proper defendant in such an action.

■ However, substitution of the United States as the proper party is unnecessary in this case given the jurisdictional defects of plaintiffs' claims. Assuming without deciding that plaintiffs' May 4th and 5th letters constitute a claim for refund, and that the IRS has denied or failed to act on plaintiffs' claim, plaintiffs fail to allege that they paid any disputed taxes in full. Absent this prerequisite, this court lacks jurisdiction over plaintiffs' claims.

### CONCLUSION

Plaintiffs' complaint fails to allege any facts which would support a *Bivens* claim against the federal officials in their personal capacities. Additionally, the applicable provisions of 26 U.S.C. § 7422 prohibit suits against individual federal agents for tax collection. Finally, even if I substitute the United States as the proper defendant, this court lacks jurisdiction because plaintiffs have not first satisfied the jurisdictional prerequisites necessary to establish federal court jurisdiction. If plaintiffs wish to pursue their claims without first paying the disputed amount, plaintiffs must do so in tax court. Accordingly, the federal defendants' motion to dismiss (# 19) is GRANTED, and plaintiffs' motion to strike the federal defendants' motion to dismiss (# 38) is DENIED.

IT IS SO ORDERED.