**DEL ELMER; ZACHAY, Plaintiff,**

v.

**Reinhold METZGER, et al., Defendants.**

No. Civ. 96–2112–B(CM).

United States District Court,
S.D. California.

March 12, 1997.

Del Elmer, Zachay, San Diego, CA, pro se.

Jeffrey R. Meyer (DOJ–Tax Division), Washington, DC, for Federal Defendants.

Reinhold Metzger, San Diego, CA, pro se.

BREWSTER, District Judge.

## ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND

This matter came on regularly for hearing on defendants' motions to dismiss. After careful consideration of the papers which have been filed, the Court hereby GRANTS defendants' motions to dismiss without leave to amend.

### I. Background

The gravamen of plaintiff's complaint is that his property was seized when an Internal Revenue Service Officer, defendant McArdle, levied on payments owing from defendant Reinhold Metzger ("Metzger") to plaintiff for payment of back taxes. Pursuant to the tax levy, Metzger paid the IRS rather than plaintiff. Plaintiff contends that the tax debt is not valid and that he was not named on the debt instrument.

Metzger allegedly borrowed $70,000 from plaintiff which was secured by a note on a leasehold interest in Keystone Trailer Park. A trust deed in favor of plaintiff was allegedly filed on May 17, 1982 with repayment to be on a 15 year schedule payable at $659.48 per month. Metzger made payments until April of 1993 when he stopped. Apparently, Metzger received a letter from defendant McArdle of the Internal Revenue Service ("IRS") telling him to send all future payments to the IRS. Complaint ¶ 28. As a result of this seizure of funds, plaintiff was not able to make his mortgage payments on property he owned, and it was foreclosed on. Complaint ¶ 45.

Plaintiff alleges various statutory and constitutional violations based on this seizure of his funds, including: (1) his property was seized and sold in violation of the Fourth Amendment; (2) he was denied due process of law under the Fifth Amendment because there was no presentment of the debt to a Grand Jury, no indictment and no trial prior to his property being seized; (3) he was denied his Seventh Amendment right to a jury trial before his property was seized; (4) by forcing him to labor to pay off the debt, he was subjugated to the status of a peon in violation of the Thirteenth Amendment.

Plaintiff alleges 16 statutory and constitutional violations in total, all of which are based on the same facts.

Plaintiff alleges a cause of action against IRS Officer McArdle because "officer of the court gives rise to an action under Title 42 USCA 1986 for 'knowledge' and 'neglect' and 'perjury of oath' under Title 18 USCA 1621, as the officer swore to defend and protect the citizens of the State, then with want of care, violated that oath and were enriched by the State for their actions to violate a citizen's rights."

Plaintiff alleges four causes of action all of which are based on alleged violations of the Thirteenth Amendment and 42 U.S.C. §§ 1994, 1986 & 1985. Plaintiff seeks $959,-428.00 in compensatory and punitive damages, a return of all property seized, declaratory relief that McArdle has no right to collect a debt from him, declaratory relief that defendants committed various criminal acts, and criminal indictments against defendants based on 18 U.S.C. §§ 2, 4, 241,242, 2112, 872, 1001, 1621, 1622, 1963, 1964, 3623, and 1581.

Defendants McArdle and Metzger have filed motions to dismiss. Plaintiff has not filed an opposition, however, his complaint states:

> Dispositive motions filed in this case are a fraud upon the court and the plaintiff, and will give rise to FRCP 12(b)(1)(2)(6)(7), as to those dispositive motions.

Complaint ¶ 2.

## II. Discussion

Defendants move to dismiss this action on three grounds: (1) insufficiency of service of process, (2) failure to state a claim upon which relief can be granted, and (3) lack of subject matter jurisdiction.

### A. Insufficiency of Service of Process

#### 1. Governing Law

Fed.R.Civ.P. 4(i) provides that:

(1) Service upon the United States shall be effected

   (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney ...

   (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, ...

(2) Service upon an officer, agency or corporation of the United States shall be effected by serving the United States in the manner prescribed by paragraph (1) of this subdivision and by also sending a copy of the summons and of the complaint by registered or certified mail to the officer agency or corporation.

Fed.R.Civ.P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R.Civ.P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986), *modified on other grounds*, 807 F.2d 1514, *cert. denied*, 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987) (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982)).

#### 2. Discussion

As an initial matter, plaintiff has improperly named an individual employee of the Internal Revenue Service as a defendant. McArdle is being sued in his official capacity for federal tax collection activities. "B. McArdle at all times relevant to this complaint, was acting as an official, employed, compensated, enriched, and rewarded as Revenue Agent, a full-time employee of the Internal Revenue Service[.]" Complaint

¶ 29 [1] *See Decker v. Richardson,* 920 F.Supp. 141, 144 (D.Or.1996) (acts of federal officials in filing liens and levies and collecting taxes within scope of official responsibilities). A suit against officers and employees of the United States in their official capacity is essentially a suit against the United States. *See Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). For this reason, whether service of process has been properly effected is analyzed under the rules for service of process on the United States. *See* Fed.R.Civ.P. 4(i).

■ Plaintiff left a copy of the summons and complaint at McArdle's place of business, but did not serve either the U.S. Attorney's Office or the Attorney General's Office.[2] For this reason, service was improper. Defendants' motion to dismiss for improper service of process is GRANTED.

## B. Failure to State a Claim Upon Which Relief Can Be Granted

### 1. Governing Law

A motion to dismiss for failure to state a claim tests the legal sufficiency of the claims in the complaint. A claim can only be dismissed without leave to amend if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). This court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986).

### 2. *Bivens* Claims

■ Plaintiff alleges constitutional violations under the Fourth, Fifth, Seventh, Thirteenth and Fourteenth Amendments pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.[3] Plaintiff cannot maintain a § 1983 suit against Metzger because he is not a state actor. Plaintiff cannot maintain a § 1983 suit against McArdle because he is a federal official. Section 1983 only entitles plaintiffs to relief against state actors, not federal actors. *American Science & Engineering, Inc. v. Califano,* 571 F.2d 58 (1st Cir.1978); *Chodos v. FBI,* 697 F.2d 289 (2nd Cir.), *cert. denied,* 459 U.S. 1111, 103 S.Ct. 741, 74 L.Ed.2d 962 (1983).

■ It appears that plaintiff is actually alleging a Bivens action against McArdle. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that violation of a constitutional right "by a federal agent acting under color of his authority" gives rise to a cause of action for damages. Plaintiff cannot maintain a *Bivens* action against McArdle, however, because he has not alleged that he took any actions in his individual capacity. In *Vaccaro v. Dobre,* 81 F.3d 854, 857 (9th Cir.1996), the Ninth Circuit stated that "a *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." (quoting *Daly–Murphy v. Winston,* 837 F.2d 348 (9th Cir.1987)). Plaintiff's complaint states that "B. McArdle at all times relevant to this complaint, was acting as an official, employed, compensated, enriched, and rewarded as Revenue Agent, a full-time employee of the Internal Revenue Service[.]"

---

**1.** In the caption of the complaint, plaintiff names "B. McArdle, acting in his private capacity," however, this is in flat contradiction to his allegation in the complaint that McArdle was acting in his official capacity.

**2.** Defendant Metzger does not contend that he was not properly served.

**3.** Section 1983 provides a cause of action for violation of a person's civil rights by a state official acting under color of state law. Section 1985 provides a cause of action for conspiracy to interfere with a person's civil rights. Section 1986 provides a cause of action for neglecting to prevent a violation of someone's civil rights when the official has the power and opportunity to prevent such a violation. *See* 42 U.S.C. §§ 1983, 1985, 1986. Section 1983 provides the predicate offense of violation of civil rights and sections 1985 and 1986 extend the scope of liability, but there must be an underlying violation of section 1983 in order for there to be a violation of sections 1985 or 1986, Thus, if plaintiff cannot state a claim upon which relief can be granted under § 1983, he cannot state a claim under §§ 1985 or 1986 either.

Complaint ¶ 29. In effect, plaintiff's suit is against the United States, and for the reasons addressed in Section C below, the United States has not waived its sovereign immunity to suits challenging its actions in levying on property to collect taxes.

Moreover, even if the Court were to assume that plaintiff was proceeding against McArdle in his individual capacity, plaintiff has failed to allege any conduct on the part of McArdle as the basis for constitutional rights violations other than tax collection activities. In *Wages v. I.R.S.*, the Ninth Circuit held that it has "never recognized a constitutional violation arising from the collection of taxes." *Wages*, 915 F.2d at 1235. The rationale for this rule is that "the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action ..." *Wages*, 915 F.2d at 1235.

For these reasons, defendants' motions to dismiss pursuant to Rule 12(b)(6) is GRANTED.

### 3. Peonage and the Thirteenth Amendment

■ Plaintiff asserts claims under the Thirteenth Amendment and 42 U.S.C. § 1994 for involuntary servitude and peonage.[4] Federal courts have held that the Thirteenth Amendment does not give rise to an independent cause of action against private parties; plaintiffs must instead base such claims on one of the statutes implementing the Thirteenth Amendment, such as § 1994. *See, e.g., Sanders v. A.J. Canfield Co.*, 635 F.Supp. 85, 87 (N.D.Ill.1986), *Baker v. McDonald's Corp.*, 686 F.Supp. 1474 (S.D.Fla.), *aff'd.*, 865 F.2d 1272, *cert. denied*, 493 U.S. 812, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989). Plaintiff has pointed to no authority, and the court knows of none, allowing a plaintiff to proceed directly under the Thirteenth Amendment against private parties such as the defendants here. For this reason, plaintiff cannot state a claim against Metzger for

violation of his Thirteenth Amendment rights.

■ Furthermore, even if such a cause of action existed, plaintiff has alleged no facts that indicate that either McArdle or Metzger subjected him to involuntary servitude. "Involuntary servitude" has been held to mean action by a master causing a servant to have, or believe he or she has, no way to avoid continuing to work for the master. *U.S. v. Shackney*, 333 F.2d 475 (2d Cir.1964). Plaintiff has not alleged that he worked for the defendants in any way. At most, plaintiff has alleged that he has had to sell property or work for someone else to have the funds to pay off the debt which he claims that he does not owe. Plaintiff has cited no authority indicating that having to do so constitutes slavery. Because plaintiff can bring no independent cause of action against private parties under the Thirteenth Amendment, and because he has not alleged facts indicating he has been enslaved, defendants' motions to dismiss plaintiff's Thirteenth Amendment claims are GRANTED.

■ The Supreme Court has defined *peonage*, forbidden under § 1994, as compulsory service in the payment of a debt. *Bailey v. Alabama* 219 U.S. 219, 31 S.Ct. 145, 55 L.Ed. 191 (1911). The Ninth Circuit held that "peonage" requires that a person be held against his or her will and be forced to believe that he or she has no alternative but to perform labor to pay off a debt. *U.S. v. Mussry*, 726 F.2d 1448, 1452–53 (9th Cir. 1984). Plaintiff has failed to allege that defendants have held him against his will or have forced him to perform labor to satisfy a debt. He has alleged only that defendants have demanded repayment of a non-existent debt, and have levied on his property to collect on the debt. Such allegations fail to support a cause of action under 42 U.S.C. § 1994.

Plaintiff has alleged no facts that even remotely suggest that defendants have subjected him to peonage. Since plaintiff has failed in his two complaints to state a claim

---

4. All four of plaintiff's causes of action are premised on violations of the Thirteenth Amendment and § 1994. The Thirteenth Amendment claim against McArdle is still subject to the *Bivens*

analysis above. The peonage (§ 1994) claims requires separate analysis as does the Thirteenth Amendment claim against Metzger.

under this section or to suggest facts which indicate that an amendment could cure this deficiency, the Court hereby GRANTS defendants' motions to dismiss plaintiff's peonage and Thirteenth Amendment claims.

### 4. Criminal Claims

■ Plaintiff seeks criminal indictments of defendants under 18 U.S.C. §§ 2, 4, 241, 242, 2112, 872, 1001, 1621, 1622, 1963, 1964, 3623, and 1581. Civil causes of action, however, do not generally lie under the criminal statutes contained in Title 18 of the United States Code. These five sections are not exceptions. *See* 18 U.S.C. §§ 4, 241, 242, 872, 1621, 1622; *see also Bryant v. Donnell,* 239 F.Supp. 681 (W.D.Tenn.1965) (holding that § 241 does not create a civil cause of action); *U.S. ex rel. Brzozowski v. Randall,* 281 F.Supp. 306 (E.D.Pa.1968) (§ 242 may not be used as the basis for a civil action). Plaintiff has cited no authority, and the Court knows of none, holding that a plaintiff can bring civil causes of action under any of these statutes. As such, defendants' motions to dismiss these criminal claims are GRANTED.

### C. Subject Matter Jurisdiction

#### 1. Governing Law

Under Rule 12(b)(1), a defendant may seek to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). Federal subject matter jurisdiction must have a statutory basis. The primary sources of federal subject matter jurisdiction are federal question jurisdiction, 28 U.S.C. § 1331, diversity jurisdiction, 28 U.S.C § 1332, and supplemental jurisdiction, 28 U.S.C. § 1367.

Under Rule 12(b)(1), the party invoking the federal jurisdiction, the plaintiff, has the burden of showing that jurisdiction is proper. *Thornhill Publishing Co. v. General Tel. & Electronics Corp.,* 594 F.2d 730 (9th Cir. 1979); *see also Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir. 1989). Unlike motions governed by Rule 12(b)(6), no presumptive truthfulness attaches to plaintiff's allegations when a court considers the merits of jurisdiction. *Morten-*

*sen v. First Fed. Savings & Loan Ass'n,* 549 F.2d 884 (3rd Cir.1977).

### 2. Claims for Refund of Taxes/Return of Property

The crux of plaintiff's complaint is that he did not owe a debt to the United States because he did not owe taxes. He alleges that his property [5] was taken improperly because he did not owe the debt which it was taken to satisfy. His suit for damages is therefore akin to a suit for a refund of taxes or a declaration that the collection of taxes is unconstitutional.

The United States, as a sovereign entity, is immune from suit except when it consents to be sued. *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990); *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980). It is the plaintiff's burden to establish the jurisdiction of the court, and thus, plaintiff must show a waiver of sovereign immunity. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 188, 56 S.Ct. 780, 784–85, 80 L.Ed. 1135 (1936).

Plaintiff fails to show that the United States has waived immunity from suit here. Section 7422(a) of the Internal Revenue Code provides that "[n]o suit or proceeding can be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary." 26 U.S.C. § 7422(a). Furthermore, in order for a district court to have jurisdiction over a suit for the refund of taxes, the taxpayer must first have paid the assessment, or a divisible portion thereof, for which relief is sought. *See* 26 U.S.C. §§ 7422(a), 6532(a); *Thomas v. United States,* 755 F.2d 728, 729 (9th Cir.1985); *Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960).

The filing requirements of the Internal Revenue Code serve to give the IRS adequate notice of the claim and its underlying facts so that the IRS can make an administrative investigation and determination regarding the claim. *Boyd v. U.S.,* 762 F.2d

---

**5.** The payments owed to him by defendant Metz- ger.

1369, 1371 (9th Cir.1985). Filing an administrative refund claim pursuant to the Internal Revenue Code and its implementing regulations is a jurisdictional prerequisite to bringing a refund suit in district court. *Boyd*, 762 F.2d at 1371; *Huff v. United States*, 10 F.3d 1440 (9th Cir.1993), *cert. denied* 512 U.S. 1219, 114 S.Ct. 2706, 129 L.Ed.2d 834 (1994).

Plaintiff has not named the United States as a defendant. Nor has plaintiff alleged that he has filed a proper administrative claim for refund with the IRS or that he has paid the full amount of the taxes assessed. Because the Internal Revenue Code's jurisdictional prerequisites have not been satisfied, this Court lacks subject matter jurisdiction over plaintiff's claim for a refund of tax monies collected by defendants through lien and garnishment procedures.

Moreover, the IRS's lawful collection of taxes does not violate a person's Fifth Amendment right to due process because the post-seizure remedies available to the taxpayer are adequate to protect the taxpayer's due process rights. *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir.1990). In fact, the Ninth Circuit noted that "we have never recognized a constitutional violation arising from the collection of taxes." *Id.* Due process challenges to tax levies have been specifically rejected by the Supreme Court. *Fuentes v. Shevin*, 407 U.S. 67, 90–92, 92 S.Ct. 1983, 1999–2000, 32 L.Ed.2d 556 (1972); *Phillips v. Commissioner*, 283 U.S. 589, 595–97, 51 S.Ct. 608, 611–12, 75 L.Ed. 1289 (1931) (when internal revenue is at stake, property rights must yield provisionally to government need); *see also Rodriguez v. United States*, 629 F.Supp. 333, 347 (N.D.Ill.1986) (IRS can seize property first and allow judicial determination later; post-deprivation remedy provides all the due process that the constitution requires). For these reasons, plaintiff cannot maintain an action against the United States for the IRS's collection of taxes or levying on his property to collect past taxes.

Plaintiff also seeks to hold Metzger liable for honoring the IRS levy. The statute, however, requires Metzger to honor this levy. "[A]ny person in possession of ... property or rights to property subject to levy upon which levy has been made shall, upon demand of the Secretary, surrender such property or rights to the Secretary[.]" 26 U.S.C. § 6332(a). Moreover, section 6332(e) provides that if a person honors the levy, he is "discharged from any obligations or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender or payment." 26 U.S.C. § 6332(e). For this reason, plaintiff cannot state a claim against Metzger.

The defendants' motions to dismiss for lack of subject matter jurisdiction are GRANTED.

### 3. Declaratory Relief Claims

Declaratory relief with respect to federal taxes is barred by 28 U.S.C. § 2201. Section 2201(a) states in relevant part:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration.....

28 U.S.C. § 2201 (emphasis added). The language of the Declaratory Judgment Act withdraws jurisdiction from federal courts over any suit seeking a declaratory judgment with respect to federal taxes, whether or not the suit would have the effect of restraining the assessment or collection of federal taxes. *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 759 n. 10, 94 S.Ct. 2053, 2057 n. 10, 40 L.Ed.2d 518 (1974); *Hutchinson v. United States*, 677 F.2d 1322, 1326 (9th Cir.1982).

Accordingly, this Court lacks subject matter jurisdiction over plaintiff's claim for a declaratory judgment with respect to his federal tax liabilities and the tax collection activities taken against him. The defendants' motions to dismiss this claim for lack of subject matter jurisdiction is GRANTED.

It is unclear whether plaintiff is also seeking injunctive relief against the IRS barring future collection of taxes. If the Court were to grant the declaratory relief plaintiff seeks, however, it would have the effect of preventing the IRS from future collection of taxes owing by plaintiff The Anti–Injunction Act

bars courts from enjoining the collection of taxes.

Section 7421(a) of the Internal Revenue Code provides that "... no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person ..." 26 U.S.C. § 7421. The Court lacks subject matter jurisdiction to grant relief that falls within the purview of the Act, which is designed to permit the government to assess and collect taxes with a minimum of pre-enforcement judicial interference and to require that the legal right to disputed sums be determined in a suit for refund. *Bob Jones University v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038, 2045–46, 40 L.Ed.2d 496 (1974).

The district court must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Act. *Alexander*, 416 U.S. at 757–58, 94 S.Ct. at 2056–57. Exceptions to the Anti–Injunction Act's bar are extremely narrow. Unless the party seeking to enjoin the government establishes that he meets one of the limited statutory or judicially-created exceptions to the Anti–Injunction Act, the district court has no jurisdiction. *Elias v. Connett*, 908 F.2d 521 (9th Cir.1990).

A statutory exception to the Act is available where the IRS: (1) assesses a deficiency before a default notice is mailed; or (2) assesses, levies, or collects any deficiencies during the 90 day period after the notice is sent. 26 U.S.C. § 6213(a). A judicial exception to the Act requires the taxpayer to demonstrate that: (1) under no circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will stiffer irreparable injury without injunctive relief. *Elias*, 908 F.2d at 525. The taxpayer bears the burden of pleading and proving facts to show that the government cannot ultimately prevail. *C.I.R. v. Shapiro* 424 U.S. 614, 628–29, 96 S.Ct. 1062, 1071, 47 L.Ed.2d 278 (1976). The government need only have a good faith basis for its claim in order to obtain a dismissal for lack of jurisdiction. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7–8, 82 S.Ct. 1125, 1129–30, 8 L.Ed.2d 292 (1962).

Plaintiff has not alleged that any of the extremely narrow exceptions to the Anti–Injunction Act are applicable. Accordingly, the Court lacks subject matter jurisdiction over plaintiff's claim for an injunction against federal tax collection activities. The defendants' motions to dismiss this claim for lack of subject matter jurisdiction is GRANTED.

### III. Conclusion

All four of plaintiff's causes of action are brought under the Thirteenth Amendment and § 1994. To the extent that plaintiff is attempting to state causes of action for peonage and involuntary servitude against defendants, those claims are dismissed without leave to amend. It also appears to the Court that plaintiff is seeking a refund of taxes allegedly collected by IRS agent McArdle. To the extent that plaintiff is seeking a refund, his claims are dismissed with 60 days leave to amend because he has failed to allege the jurisdictional prerequisites to bringing a suit in federal court for a tax refund. Finally, to the extent that plaintiff is seeking declaratory or injunctive relief against the IRS for their tax collection efforts, his claims are dismissed without leave to amend.

IT IS SO ORDERED.