Dennis M. ESTELL, Plaintiff,

v.

S.W. BUCKLES, Defendant.

No. TH98–0016–C M/H.

United States District Court,
S.D. Indiana,
Terre Haute Division.

July 29, 1998.

Dennis M. Estell, Terre Haute, IN, for Plaintiff.

Judith Stewart, U.S. Attorney, Office of U.S. Attorney, Indianapolis, IN, Charles J. Cannon, United States Department of Justice, Washington, DC, for Defendant.

## ENTRY DISCUSSING MOTION TO DISMISS AND DIRECTING ENTRY OF FINAL JUDGMENT

MCKINNEY, District Judge.

■ This action is before the court on the United States' motion to dismiss, filed on March 10, 1998. This motion, to which no

opposition has been filed, follows the removal of this action from the Vigo Superior Court and the certification of the United States Attorney for this District pursuant to 26 U.S.C. § 7422(f)(2).[1] Preliminarily, the substitution sought by the United States is **granted** precisely because of that certification. For the reasons explained in this Entry, moreover, the United States' motion to dismiss must be **granted.**

## I. Background

Plaintiff Estell filed an action in the Vigo Superior Court as No. 84D01–9711–CP–2048 against S.W. Buckles, alleging abuse of process and unlawful debt collection. Estell sought both damages and injunctive relief. The basis of Estell's claim appeared to be Buckles' action in issuing and serving a levy on Estell's wages to satisfy Estell's tax liability to the United States of America. Estell sought both damages for the asserted violation of his federally secured rights and injunctive relief which would lift the levy.

The action was removed to this court. The substitution of the United States as sole defendant is based on the appropriate official's determination that Buckles was a federal employee who was acting within the scope of his employment as an employee of the United States at the time of the events alleged in Estell's complaint and out of which Estell's claims arose.

## II. Discussion

### A. Estell's Request for Injunctive Relief

As one method of collecting federal tax delinquencies, the IRS may "levy upon all property and rights to property" of a delinquent taxpayer. *See* 26 U.S.C. § 6331(A). That is what the Revenue Officer Buckles did in this case.

In most circumstances, the Tax Anti–Injunction Act, 26 U.S.C. § 7421(a), deprives a federal district court of subject matter jurisdiction over any suit "for the purpose of restraining the assessment or collection of any tax." An exception to the Tax Anti–Injunction Act exists where (1) "it is clear that under no circumstances could the Government ultimately prevail, ... [and (2) ] equity jurisdiction otherwise exists." *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

This case is well within the ambit of the ordinary circumstances, and no exception to the Tax Anti–Injunction Act can be found in Estell's complaint or in the other facts and circumstances which have emerged from the United States' motion to dismiss. Therefore, to the extent that Estell seeks injunctive relief which would suspend, end or rescind the levy against his wages, his claim is barred by the Tax Anti–Injunction Act and that claim must be dismissed for lack of jurisdiction.

### B. Estell's Claims for Damages

Estell also seeks damages for the assertedly wrongful levy of his wages. No *Bivens*-type remedy would be viable against Buckles in the circumstances of this case. *Barnard v. Pavlish,* 1998 WL 247768, *9 (M.D.Pa.1998); *Decker v. Richardson,* 920 F.Supp. 141, 143–144 (D.Or.1996). As this court explained in *Scott v. Miller,* 1997 WL 881207, *4 (S.D.Ind.1997):

A constitutional claim against [Internal Revenue Service officers] in their individual capacities would necessarily proceed on the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, courts have specifically disavowed any Bivens remedy for alleged violations associated with tax assessment and collection activities. *See, e.g., Vennes v. An Unknown Number of Unidentified Agents,* 26 F.3d 1448, 1453–54 (8th Cir.), *cert. denied,* 513 U.S. 1076, 115 S.Ct. 721, 130 L.Ed.2d 627

1. "Where, as here, the lawsuit is initially filed in state court, this certification has three consequences: it requires the Attorney General to remove the lawsuit to the local federal court; it requires the substitution of the United States for the federal employee as the defendant in the lawsuit; and it converts the lawsuit into an action against the United States under the Federal Tort Claims Act." *Haddon v. United States,* 68 F.3d 1420, 1423 (D.C.Cir.1995); *see Kimbro v. Velten,* 30 F.3d at 1504–05; 28 U.S.C. § 2679(d)(2).

(1995). The reason for this is that Congress has established a specific and comprehensive remedial structure for any such violations, and the presence of such a structure precludes the recognition of a *Bivens*-type claim. *Smith v. Bullard,* 1996 WL 628156, *1 (S.D.W.Va.1996).

Estell's common law claims against Buckles have morphed into a claim against the United States of America pursuant to the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 2671 *et seq.* Such is the effect of the Westfall Act.[2] In turn, to recover damages under the FTCA, the plaintiff must first present a claim to the appropriate federal agency. 28 U.S.C. § 2675(a). The agency must then deny the claim before a plaintiff may bring a tort claim against the United States or its employees. Id. These requirements are jurisdictional and cannot be waived. *Deloria v. Veterans Admin.,* 927 F.2d 1009, 1011 (7th Cir.1991). Failure to file such an administrative claim divests the federal court of jurisdiction over a tort claim against the United States. *McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993). In this case, Estell filed no administrative claim with the Internal Revenue Service, and consequently this court lacks jurisdiction over his claim for common law torts of abuse of process and unlawful debt collection.

### III. Conclusion

The United States is the sole proper defendant in this action and has been substituted in accord with proper authority. Beyond this, however, the plaintiff's claims falter, because (a) the court lacks jurisdiction to enjoin the collection of federal tax liability under the circumstances presented in this case, and (b) there is no jurisdiction over the claim for damages in the absence of the plaintiff having proceeded through the prescribed administrative claims process.

The United States of America's motion to dismiss is **granted** consistent with the foregoing. Judgment consistent with this Entry shall now issue. The costs of this action are assessed against the plaintiff.

**IT IS SO ORDERED.**

---

**2.** Congress enacted the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Reform Act"), which amended the FTCA, 28 U.S.C. § 1346(b), §§ 2671–80, in response to *Westfall v. Erwin,* 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), which declined to accord absolute immunity from common law claims to federal Government employees acting in the scope of their employment. The Reform Act restored their absolute immunity by establishing an exclusive remedy against the United States under the FTCA for certain negligent or wrongful acts of federal employees acting within the scope of employment. *See United States v. Smith,* 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991).