**Linda KRIEG and Keith Krieg, Plaintiffs,**

**v.**

**Ava MILLS and Frank McNulty, Defendants.**

**No. C 98–3800SI.**

United States District Court, N.D. California.

May 15, 2000.

Keith Krieg, Redwood City, CA, plaintiff pro se.

Linda Krieg, Redwood City, CA, plaintiff pro se.

David L. Denier, U.S. Attorney's Office, Tax Division, San Francisco, CA, for Ava Mills, Frank McNulty, defendants.

## ORDER GRANTING MOTION TO DISMISS

ILLSTON, District Judge.

### BACKGROUND

On September 30, 1998, plaintiffs Linda Krieg and Keith Krieg filed suit against defendants Ava Mills (now Ava Pointer) and Frank McNulty, both Internal Revenue Service (IRS) agents, for declaratory relief, injunctive relief, and damages. The complaint alleges that the defendants violated plaintiffs' constitutional rights and the Internal Revenue Code when defen-

dants, in their capacity as IRS agents, caused Notices of Federal Tax Lien Under Internal Revenue Laws to be filed in San Mateo County, California.[1]

The liens in question were attached to plaintiffs' property due to plaintiffs' alleged tax deficiencies for their fiscal years 1990, 1991, and 1992.[2] Plaintiff Linda Krieg is alleged to owe more than $130,000 in back taxes and penalties, and plaintiff Keith Krieg more than $100,000 in back taxes and penalties, for fiscal years 1990, 1991 and 1992. In 1997, defendant McNulty obtained approval from IRS District Counsel to file a nominee lien against Keith and Linda Krieg, and then caused seven nominee liens to be prepared and filed with the San Mateo County Recorder.[3] McNulty Decl., ¶¶ 3–6.[4] After these liens were prepared, they were forwarded to defendant Mills, a revenue officer of the Internal Revenue Service who is also posted in Oakland, California, and who was at the time of these events Section Chief of Support, Special Procedures Function. Pointer Decl., ¶ 1–2. In accord with her job responsibilities, on August 6, 1997, Mills reviewed and signed the nominee liens before they were filed. Pointer Decl., ¶ 3.

In October 1997, plaintiffs and their nominees appealed the filing of the liens. On November 14, 1997, after considering all the protests and appeals, an IRS appeals officer concluded that appropriate steps had been taken in the filing of the liens and upheld them against challenge. In August 1998, plaintiffs filed an appeal with the District Director of the Internal Revenue Service, which was denied by letter in October 1998. McNulty Decl., ¶¶ 15–16, Ex. S–T. In October 1998, defendant McNulty discovered clerical errors in the liens and filed amended liens in San Mateo County which corrected those errors. McNulty Decl., ¶¶ 17–18, Ex. U, W.

On September 30, 1998, plaintiffs filed suit in this Court. Plaintiffs' complaint alleges that these liens were filed in violation of their right to due process because the IRS failed to properly assess the income tax liabilities against plaintiffs for the years 1990, 1991 and 1992, and that the IRS is engaging in fraud and coercion against plaintiffs.

On March 3, 2000, defendants filed the present motion to dismiss for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and for partial summary adjudication.

## LEGAL STANDARD

 "It is a fundamental principle that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 968–69 (9th Cir.1981). Accordingly, the burden rests on the party assert-

1. Linda Krieg was the plaintiff in another lawsuit filed in this Court on August 7, 1998, case number C 98–3074 SI, which alleged that the levy and seizure of her retirement fund by a revenue officer of the Internal Revenue Service violated her constitutional, statutory and common law rights. That case was dismissed by this Court on March 24, 1999 on grounds that are similar to those now raised by defendants, and is the subject of a pending appeal to the Ninth Circuit, docket number 99–16189.

2. Liens are attached to property when a taxpayer fails to pay assessed taxes. 26 U.S.C. §§ 6321, 6322.

3. When a taxpayer's property or interest in property is held in the name of another, the third party is a nominee for the taxpayer. *See* W. PLUMB, FEDERAL TAX LIENS, 19 n. 48 (3d ed.1972).

4. Plaintiffs have stipulated to the accuracy of the declarations filed by defendants Mills and McNulty. *See* Rebuttal to Pointer & McNulty Decl., 1:21–23.

ing federal subject matter jurisdiction to prove its existence. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). When deciding a motion to dismiss for lack of subject matter jurisdiction, a court must take all the allegations in plaintiff's complaint as true. *See NL Indus. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986).

■ A motion to dismiss for failure to state a claim will be denied unless it appears that the plaintiff can prove no set of facts which would entitle it to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Fidelity Fin. Corp. v. Federal Home Loan Bank,* 792 F.2d 1432, 1435 (9th Cir.1986). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986). In deciding a motion to dismiss, a court may not consider material outside of the complaint, except that it may consider exhibits submitted with the complaint and take judicial notice of facts outside of the pleadings. *See Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1483 (9th Cir.1991); *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1989); *Mack v. South Bay Beer Distrib., Inc.,* 798 F.2d 1279, 1282 (9th Cir.1986).

## DISCUSSION

### A. Sovereign Immunity

■ The United States is a sovereign nation, and as such, it may not be sued absent consent. *See Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). If the United States has not consented to the suit, subject matter jurisdiction is lacking and the complaint must be dismissed. *See* Fed.R.Civ.P. 12(h)(3); *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983); *Gilbert,* 756

F.2d at 1458. This immunity protects not only the United States but its agents and officers. *See Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 1052–53, 10 L.Ed.2d 191 (1963); *Gilbert,* 756 F.2d at 1458; *Hutchinson v. United States,* 677 F.2d 1322, 1327 (9th Cir.1982). "[S]uit against IRS employees in their official capacity is essentially a suit against the United States." *Gilbert,* 756 F.2d at 1458.

■ When the government is sued, the plaintiff in that suit bears the burden of showing that the government has waived its sovereign immunity. *See Sopcak v. Northern Mountain Helicopter Service,* 52 F.3d 817, 818 (9th Cir.1995). The general jurisdiction statutes cited in plaintiffs' complaint are not sufficient to establish waiver of sovereign immunity. *See Arford v. United States,* 934 F.2d 229, 231 (9th Cir.1991); Complaint, ¶ 6.

### 1. Nature of the Relief Sought

■ Although plaintiffs claim to be suing defendants in their individual capacities only, plaintiffs seek both injunctive relief and a declaratory judgment. To the extent that plaintiffs seek such remedies, which would operate against the United States, their suit is against the United States rather than these individual defendants. *See Hawaii,* 373 U.S. at 58, 83 S.Ct. at 1052–53 (holding suit against federal official to be suit against United States because "relief sought nominally against an officer is in fact against the sovereign [because] the decree would operate against the latter"); *Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947) (suit is against sovereign if judgment sought "would interfere with the public administration"); *Demery v. Kupperman,* 735 F.2d 1139, 1145–46 (9th Cir. 1984) (test for determining whether suit against state officials is treated as suit against state is whether court's judgment would restrain or compel government action); *Palomar Pomerado Health Sys. v. Belshe,* 180 F.3d 1104, 1108 (9th Cir.1999) (same). This conclusion is further bolstered by the Anti–Injunction Act, which

provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The Anti–Injunction Act withdraws jurisdiction from state and federal courts over any actions seeking injunctions prohibiting the collection of federal taxes. *See Enochs v. William Packing & Nav. Co.,* 370 U.S. 1, 5, 82 S.Ct. 1125, 1128, 8 L.Ed.2d 292 (1962).[5] Accordingly, this Court lacks jurisdiction over plaintiffs' claims for injunctive and declaratory relief.

### 2. Exceptions to Sovereign Immunity

Plaintiffs cite statutes which waive sovereign immunity under certain circumstances, but these statutes do not apply in matters involving the IRS.

#### a. The Declaratory Judgment Act

■■■■ Under the Declaratory Judgment Act, federal courts have jurisdiction to grant declaratory relief. *See* 28 U.S.C. § 2201. However, § 2201 does not convey jurisdiction to federal courts to grant declaratory relief "with respect to federal taxes." *Id.; see also Bob Jones University v. Simon,* 416 U.S. 725, 732 n. 7, 94 S.Ct. 2038, 2044 n. 7, 40 L.Ed.2d 496 (1974); *Latch v. United States,* 842 F.2d 1031, 1032 (9th Cir.1988). Because all of the actions that form the basis for plaintiffs' complaint came about during defendants' attempts to collect or assess plaintiffs' federal tax liability, this Court lacks jurisdiction to grant declaratory relief under 28 U.S.C. § 2201.

#### b. Federal Tort Claims Act

The Federal Tort Claims Act allows a private litigant to bring causes of action, for state law torts, against the United States and its employees acting in the scope of their employment. *See* 28 U.S.C. § 1346(b). However, the Federal Tort Claims Act does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty ..." 28 U.S.C. § 2680(c); *see also Fishburn v. Brown,* 125 F.3d 979, 982 (6th Cir.1997); *Perkins v. United States,* 55 F.3d 910, 913 (4th Cir.1995). All of the damages plaintiffs allege arise out of the assessment and collection of taxes by IRS agents, and plaintiffs' suit is therefore not authorized by the FTCA.

### B. Defendants' Liability in Individual Capacity

■■■■ As the government concedes, sovereign immunity does not bar actions for damages against federal officials in their individual capacities for violations of individuals' statutory or constitutional rights. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Gilbert,* 756 F.2d at 1458. This Court must therefore decide whether defendants can be held liable for the acts alleged here in their individual capacities.

#### 1. Qualified Immunity

■■■■ The defense of qualified immunity protects "government officials ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "[R]egardless of whether constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." *Romero v. Kitsap County,* 931 F.2d 624, 627 (9th Cir.1991). The plaintiff bears the burden of proving the existence of a "clearly established" right at the time of the allegedly impermissible conduct. *See Maraziti v. First Interstate Bank,* 953 F.2d 520, 523 (9th Cir.1992). If the plaintiff meets this burden, then the defendant

---

5. There is an exception to this provision if the taxpayer can demonstrate that there is no way that the government could prevail on the merits of the case and there was a valid basis for equity jurisdiction. *See Enochs,* 370 U.S. at 7, 82 S.Ct. at 1129. Plaintiffs' allegations would support neither of these two requirements.

bears the burden of establishing that his actions were reasonable, even if he violated the plaintiff's constitutional rights. *Doe v. Petaluma City School Dist.,* 54 F.3d 1447, 1450 (9th Cir.1995); *Neely v. Feinstein,* 50 F.3d 1502, 1509 (9th Cir.1995); *Maraziti,* 953 F.2d at 523.

■■■ The government argues that IRS agents' collection of federal income taxes by following procedures established by statute does not violate any "clearly established right" under the Constitution. The processes of lien and levy have been upheld against constitutional challenges. *See G.M. Leasing Corp. v. United States,* 429 U.S. 338, 351–52, 97 S.Ct. 619, 628, 50 L.Ed.2d 530 (1977) (seizure of property to collect delinquent taxes did not violate Fourth Amendment); *Phillips v. Commissioner,* 283 U.S. 589, 596–97, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931) (summary procedures to collect tax revenue are constitutional); *Todd v. United States,* 849 F.2d 365, 369 (9th Cir.1988) (same). The Ninth Circuit has held that the collection of taxes does not violate any clearly established right under the Constitution. *See Wages v. IRS,* 915 F.2d 1230, 1235 (9th Cir.1990) (dismissing action alleging violations of Fourth and Fifth Amendments in collection of taxes on qualified immunity grounds and noting that Ninth Circuit "ha[s] never recognized a constitutional violation arising from the collection of taxes"). *See also Del Elmer v. Metzger,* 967 F.Supp. 398, 404 (S.D.Cal.1997) ("[T]he IRS's lawful collection of taxes does not violate a person's Fifth Amendment right to due process because the post-seizure remedies available to the taxpayer are adequate to protect the taxpayer's due process rights") (citations omitted). Plaintiffs have not alleged any acts by these defendants that would take this case outside of this general rule. Accordingly, defendants are immune from suit based on the constitutional violations alleged in plaintiffs' complaint.

**2. Bivens Action Not Permissible**

■■■ Furthermore, the availability of remedies under the Internal Revenue Code preclude plaintiffs from bringing a *Bivens* action against IRS agents. "When the design of a government programs suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies." *Schweiker v. Chilicky,* 487 U.S. 412, 423, 108 S.Ct. 2460, 2468, 101 L.Ed.2d 370 (1988). Congress has enacted statutory provisions which allow taxpayers to sue the government for a refund of taxes, third parties to sue to recover erroneously levied property, and taxpayers or third parties to recover damages for certain reckless collection efforts. *See* 26 U.S.C. §§ 7426, 7432, 7433. 26 U.S.C. § 7433 provides that these provisions are "the exclusive remedy for recovery damages" based on acts by IRS employees, and courts have consistently held that taxpayers may not bypass these statutory remedies by bringing *Bivens* actions for constitutional violations against individual employees of the IRS. *See Wages,* 915 F.2d at 1235 ("[T]he remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under *Bivens* in this situation"); *Fishburn,* 125 F.3d at 982–83 (holding that legislative remedies preclude *Bivens* actions against IRS agents for tax assessment and collection activities); *Vennes v. An Unknown Number of Unidentified Agents,* 26 F.3d 1448, 1453 (8th Cir.1994) (same); *McMillen v. U.S. Dept. of Treasury,* 960 F.2d 187, 190–91 (1st Cir.1991) (same). For this additional reason, plaintiffs' action is barred and must be dismissed.

**C. Statutory Claims**

■■■ After the government urged this Court to dismiss plaintiffs' claim for violation of 26 U.S.C. § 7431 for failure to state a claim and to grant partial summary adjudication as to plaintiffs' causes of action under 26 U.S.C. §§ 7432 and 6325, plaintiffs filed a motion to dismiss their causes

970

of action under these statutes. Plaintiffs' motion explains that "the matters with the IRS itself are to be handled at the lowest level Administratively." Mot. to Dismiss Compl. Violation 26 U.S.C. Sec. 7431, 7432 and 6325. The Court grants plaintiffs' request that these causes of action be dismissed.[6]

## CONCLUSION

For the reasons discussed, the Court hereby GRANTS defendants' motion to dismiss plaintiffs' complaint with prejudice and without leave to amend. Defendants' motion for partial summary adjudication is therefore moot.

**IT IS SO ORDERED.**

---

6. To the extent that these issues remain relevant, the Court rejects plaintiffs' contention that by collecting taxes and imposing a lien upon property the IRS exceeded its statutory authority. The IRS has presented uncontroverted evidence that the assessments were properly made and that its agents followed all applicable statutes and regulations. *See* 26 U.S.C. §§ 1, 6020(b), 6201(a), 6203, 6303, 6321, 6331.