**Neita C. WHITE, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**No. CV–S–90–0325–PMP (LRL).**

United States District Court, D. Nevada.

Nov. 6, 1990.

Neita C. White, in pro. per.

Brian J. Feldman, Trial Atty., Tax Div., Washington, D.C., for defendant.

## ORDER

PRO, District Judge.

In this action, pro se Plaintiff seeks the return of property seized by the Internal Revenue Service, a permanent injunction against the United States' future seizure of her property, and costs.

### Procedural Posture

On May 18, 1990, Plaintiff filed a Complaint (# 1) against the Internal Revenue Service (hereinafter "IRS"). On June 11, 1990, Plaintiff filed a Motion for Temporary Restraining Order (# 3) which was

subsequently denied (Order # 4 on June 14, 1990). After a hearing, the Court denied on July 20, 1990, that portion of the Complaint which sought a preliminary injunction (Order # 5).

On August 1, 1990, Plaintiff filed a Request to Enter Default (# 8). On August 2, 1990, Plaintiff filed a Motion for Default Judgment (# 12). On August 14, 1990, the United States filed an Opposition to Motion for Default Judgment (# 15).

The United States filed a Motion to Dismiss (# 13) on August 2, 1990. The United States filed a Supplemental Memorandum in Support of United States' Motion to Dismiss, or in the Alternative, for Summary Judgment (# 16) on August 17, 1990. On September 10, 1990, Plaintiff filed an Opposition to United States' Motion to Dismiss or for Summary Judgment (# 19). Plaintiff additionally filed a Motion to Compel, Denial of Dismissal or Summary Judgment and for Injunctive Relief (# 20) on September 17, 1990. The Government has not filed any reply.

### Plaintiff's Motion for Default Judgment (# 8 and # 12)

■ The Court will consider as one document Plaintiff's Request to Enter Default (# 8) and her Motion for Default Judgment (# 12). In these documents, Plaintiff requests the Court to enter Default Judgment against the Internal Revenue Service (hereinafter "IRS") for failure to answer her Complaint. The United States, not a named defendant in this action, filed an Opposition setting forth several arguments as to why there had been no default. First, the United States claims that Plaintiff failed to comply with Federal Rule of Civil Procedure 12(a). Rule 12(a) provides that the United States shall respond to a summons and complaint within sixty days after service on the United States Attorney in the district in which the claim is brought and on the Attorney General. Here, Plaintiff served both summons and complaint upon the IRS's Las Vegas Office. Neither the Attorney General nor the United States Attorney was served originally.

Plaintiff's failure to serve Summons and Complaint on the United States Attorney was undoubtedly because of her misapprehension that the IRS, and not the United States of America, was the proper party to defend this action. Whatever the reason, it is undisputed that there was a failure to comply with Rule 12(a). Therefore, default judgment against the United States is improper.

■ Furthermore, by the time Plaintiff filed her Motion for Default Judgment, the United States had already served Plaintiff with a Motion to Dismiss, thereby responding to Plaintiff's Complaint within an appropriate period.

Plaintiff's Request to Enter Default (# 8) and her Motion for Default Judgment (# 12) will both be denied.

### Government's Motion to Dismiss (# 13)

■ In its Motion to Dismiss (# 13) and its Supplemental Memorandum (# 16), the United States articulates four separate grounds for dismissing Plaintiff's Complaint. First, the United States argues that Plaintiff's Complaint should be dismissed for naming an improper party to the suit. As the Government correctly points out, agencies such as the IRS are not suable entities. *See Blackmar v. Guerre*, 342 U.S. 512, 514, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952) (the Civil Service Commission has not been authorized by Congress to be sued on its own behalf). Accordingly, the IRS is not properly a party defendant in this action. It is the Court's belief, though, that the United States is a proper defendant as to all claims raised by Plaintiff. Where relief, if granted, would result in a judgment that would expend itself on the public treasury or restrain the Government from action or interfere with public administration, the suit constitutes an action against the United States. *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1962), *citing Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947); *Larson v. Domestic & Foreign Corp.*, 337 U.S. 682, 704, 69 S.Ct. 1457, 1468, 93 L.Ed. 1628 (1949); *Ex parte New York*, 256 U.S.

490, 502, 41 S.Ct. 588, 591, 65 L.Ed. 1057 (1921). Moreover, to the extent that this action might possibly be interpreted to be a suit for refund, the United States is by statute the only proper party. *See* 26 U.S.C. § 7422(f). Section 7422(f) provides in relevant part:

> (1) General rule.—A suit or proceeding referred to in subsection (a) may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative. . . .

The Court, therefore, will exercise its authority under Federal Rule of Civil Procedure 19(a) and join the United States as Defendant in this action. The Motion to Dismiss will be granted as to the IRS.

■ Second, the United States argues that the failure to serve the United States Attorney and the Attorney General is grounds for dismissal of this action. *See* Fed.R.Civ.P. 4(d)(4) and (5). However, the Court will be particularly lenient with pro se petitioners for whom legal procedures often present insurmountable obstacles. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Polk v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819. Furthermore, the United States concedes that at least as of the date of filing United States' Supplemental Memorandum in Support of United States' Motion to Dismiss (# 16) on August 17, 1990, Plaintiff had served all proper parties in compliance with Rule 4(d)(4). The Court therefore, rejects the United States' position that the action should be dismissed for failure to serve all proper parties.

■ Third, the United States argues in support of its Motion to Dismiss that the Court lacks subject matter jurisdiction to hear Plaintiff's claims. However, 28 U.S.C. § 1340 grants district courts original jurisdiction of all civil actions arising under the internal revenue laws except under circumstances not relevant here. Section 1340 is a jurisdictional statute only. *De Masters v. Arend,* 313 F.2d 79, 84 (9th Cir.1963). It is not a waiver of sovereign immunity and consent to be sued must be found in some other statute. *See* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3580. Nevertheless, the Government is correct that, while the Court does have jurisdiction to hear Plaintiff's claims, Plaintiff may not sue the United States unless Congress has specifically waived sovereign immunity by legislative fiat. *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Congress has only consented to suit against the Government for the recovery of any internal revenue tax illegally or erroneously assessed or collected if a plaintiff has complied with the provisions of the tax refund statute, IRS Code § 7422 (1986). Section 7422(a) provides that:

> (a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

■ Plaintiff has not made the necessary allegation in her Complaint that she has filed a claim with the Secretary for refund or credit of any revenues or property illegally or erroneously held by the Government. As such, Plaintiff fails to fall within the class of plaintiffs for whom sovereign immunity has been waived. Simply put, until Plaintiff exhausts her administrative remedies, she cannot recover taxes already paid. Therefore, the Court will grant Defendant's Motion to Dismiss (# 13)

with regard to Plaintiff's claim for return of allegedly illegally seized property.

 The Government also claims that the Anti–Injunction Act, 26 U.S.C. § 7421, bars the Court from hearing suits for permanent injunctions such as that Plaintiff seeks to prohibit the United States from any further collection activity. The Anti–Injunction Act provides that "no suit for the purposes of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The Supreme Court has interpreted the statute broadly. *See, e.g., Bob Jones University v. Simon*, 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974) (Anti–Injunction Act barred enjoinment of revocation of ruling letter declaring that University qualified for tax-exempt status where University refused to admit Blacks as students even though case did not truly involve taxes but an attempt to regulate admission policies of private universities). Plaintiff's vague assertion of a constitutional claim is insufficient to overcome the Act. Complaint at ¶ 7; *Alexander v. American United Inc.*, 416 U.S. 752, 759, 94 S.Ct. 2053, 2057, 40 L.Ed.2d 518 (1974). In short, the Court does not have jurisdiction to hear Plaintiff's claim for a permanent injunction.

Plaintiff can claim to fall within an exception to the Anti–Injunction Act only when two conditions are met: first, it must be clear that the Government will not prevail under any circumstance. Second, the Court must have equity jurisdiction. *Enochs v. Williams Packing Navigation Co., Inc.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). "Only if it is apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed." *Id.* As in *Enochs*, the record before this Court clearly establishes that the Government's

claim of liability is not without foundation. *See* 370 U.S. at 8, 82 S.Ct. at 1129.

Since the Court concludes that § 7421(a) bars any suit for an injunction in this case, it need not determine whether the taxpayer would suffer irreparable injury if collection were effected. *See Enochs*, 370 U.S. 1, 6–7, 82 S.Ct. 1125, 1128–1129.[1] This Court is not convinced that there are no circumstances under which the Government can prevail in this suit. Plaintiff's claim does not fit within the *Enochs* exception to the Anti–Injunction Act. The United States' Motion to Dismiss will be granted to the extent that it seeks dismiss of the action seeking a permanent injunction against the collection of taxes.

In conclusion, the Court will grant the requested substitution of parties raised in the Government's Motion to Dismiss (# 16), thereby substituting the United States in place of the Internal Revenue Service as the proper defendant to this action. The Court will further dismiss Plaintiff's Complaint as to all claims.

### *Government's Alternative Motion for Summary Judgment (# 16)*

Even if Plaintiff's claims were not dismissed, the Court finds that it is appropriate to grant United States' Motion for Summary Judgment (# 16) of August 17, 1990. Pursuant to Fed.R.Civ.P. 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir.1982). Once the movant's burden is met by presenting evidence

---

**1.** In *Enochs*, the Supreme Court concluded that the Anti–Injunction Act barred a suit for injunction against the collection of back taxes even where it was clear that the taxable entity was

without funds to pay the taxes and would therefore be forced into bankruptcy by the Court's decision.

which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the factual context makes the respondent's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 699, 98 L.Ed.2d 650 (1988).

A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *See Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1305–06 (9th Cir.1982); *Admiralty Fund v. Jones*, 677 F.2d 1289, 1293 (9th Cir.1982).

All facts and inferences drawn must be viewed in the light most favorable to the responding party when determining whether a genuine issue of material fact exists for summary judgment purposes. *Poller v. CBS, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). After drawing inferences favorable to the respondent, summary judgment will be granted only if all reasonable inferences defeat the respondent's claims. *Admiralty Fund v. Tabor*, 677 F.2d 1297, 1298 (9th Cir.1982).

The recent trilogy of Supreme Court cases cited above establishes that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327, 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1). *See*

*also Avia Group Int'l, Inc. v. L.A. Gear Cal.*, 853 F.2d 1557, 1560 (Fed.Cir.1988).

In her Complaint, Plaintiff appears to allege that (1) no proper assessment has been made against her; (2) the statutory notices of deficiency were improper or unlawful; and (3) the Notice of Intent to Levy was improper. Complaint at ¶¶ 8–12. The United States has met its burden of alleging facts that, if uncontroverted, entitle it to summary judgment as to each of Plaintiff's claims.

 First, the United States is entitled to summary judgment on the Plaintiff's apparent contention that no valid assessment has been made. Complaint at ¶ 12. The Government attached to its Motion for Summary Judgment some Certificates of Assessments and Payments for tax years 1979 through 1985, the years for which Plaintiff claims no valid assessments were made. *See* Government's Exhibits A and B. These certificates are "highly probative and are sufficient, in the absence of contrary evidence, to establish that assessments were properly made." *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir.1984). Certificates of Assessments and Payments are self-authenticating documents admissable as evidence under Rule 902(1) of the Federal Rules of Evidence. The Certificate of Assessments and Payments establish that tax assessments were made against Plaintiff for tax years 1979–1985. Thus, if this evidence is uncontroverted, the United States is entitled to summary judgment on the assessment issue.

 Plaintiff's second contention is that notices of deficiency she received dated July 5, 1989, were issued without following the proper procedures. Complaint at ¶¶ 8, 9. Plaintiff does not specify which procedures were allegedly not followed. Pursuant to Section 6212 of the IRS Code, the IRS is required to send a statutory notice of deficiency to the taxpayer's last known address. 26 U.S.C. § 6212. Plaintiff appears to acknowledge in her Complaint that she received a statutory notice of deficiency dated July 5, 1989. Complaint at ¶ 8. The IRS certified mailing list for July 5, 1989, attached to the Government's Motion

for Summary Judgment as Exhibit C, reflects that on that date, statutory notices of deficiency for tax years 1979–1985 were mailed to Plaintiff by certified mail to 1888 Catapala Trail, Las Vegas, Nevada 89108. In all of her papers Plaintiff has continually given the Catapala address as her current residence. The Government has alleged facts sufficient, if uncontroverted, to support its summary judgment motion.

Plaintiff's final claim is that the Notice of Intent to Levy and subsequent levy are insufficient because they are based on an unlawful notice of deficiency. Complaint at ¶¶ 8, 10. The Government has alleged facts sufficient, if uncontroverted, to demonstrate that the notice of deficiency was properly issued and sent to Plaintiff in the proper manner. In support of their allegations, the Government attached as Exhibit D the Final Notice (Notice of Intent to Levy) dated January 3, 1990, along with a copy of the Receipt for Certified Mail which reflects that the Notice was sent to Plaintiff's current address. The Domestic Return Receipt reflects that Plaintiff received and signed for the notice on January 9, 1990. Thus, the Government argues, all requirements of Section 6331 of the IRS Code with respect to notice of levies have been complied with. 26 U.S.C. § 6331(d).

In her Opposition (# 19) to the United States' Motion for Summary Judgment, Plaintiff claims that she is not seeking to prevent assessment or collection of a tax, but that she is "attempting to prevent the further illegal seizure of private property and for the return of already illegally seized private property." Opposition (# 19) at 2, 11. 4–7. However, the Court is unable to conclude from Plaintiff's broad-based allegations that there remains a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). She clearly has not met the burden under which it is incumbent upon her to show that some later facts may arise which would counter the Government's seemingly solid defense to this action. In this context, then, the Court will grant summary judgment against Plaintiff and in favor of the United States as to all of Plaintiff's claims.

Therefore, as an alternative · to the Court's grant of dismissal, the Court will grant the Government's Motion for Summary Judgment (# 16) in all respects.

### *Plaintiff's Motion to Compel*

In light of the Court's Order of dismissal and of summary judgment in favor of the United States, the Court will deny as moot Plaintiff's Motion to Compel (# 20).

### ORDER

IT IS HEREBY ORDERED that Plaintiff's Request to Enter Default (# 8) and her Motion for Default Judgment (# 12) are denied.

IT IS FURTHER ORDERED that the United States is joined as a proper Defendant in this action and that the United States' Motion to Dismiss (# 13) is granted as to the United States and the Internal Revenue Service.

IT IS FURTHER ORDERED that the United States' Motion for Summary Judgment (# 16) is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel and for Injunctive Relief (# 20) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of Court shall forthwith enter Judgment in favor of Defendant and against Plaintiff in this case.