**John PESCI, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, The United States of America, John Miller, T.D. Fairchild, Jane Goodrow, Las Vegas Valley Water District, Does 1–100, Defendants.**

No. CV–S–98–00245–DWHRJJ.

United States District Court, D. Nevada.

March 18, 1999.

John Pesci, Pro per, Las Vegas, NV, for plaintiff.

Kathryn E. Landreth, United States Attorney, Las Vegas, NV, Keith S. Blair, Trial Attorney, Tax Division, Department of Justice, Washington, D.C., for United States, defendant.

Charles K. Hauser, Las Vegas, NV, for Las Vegas Valley Water District, defendant.

### ORDER

#### Motion to Dismiss

HAGEN, District Judge.

Before the court are Defendants' Motions to Dismiss (# 4, 18). Defendants Las Vegas Valley Water District ("Water District") and Jane Goodrow (hereinafter "Water District Defendants") have filed separately from (# 4) and joined in part (# 20) the Internal Revenue Service, the United States of America, John Miller, and

T.D. Fairchild (hereinafter "Federal Defendants") (# 18). Plaintiff has opposed (# 5, 19) and Water District Defendants have replied (# 9). Both motions are brought pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Federal Defendants also rely on 12(b)(1). For the reasons stated below, the court grants defendants' motions.

### Factual Background

On January 4th, 1996, plaintiff Pesci, an employee of defendant Water District, executed a United States Department of the Treasury W–4 Form (Employees Withholding Allowance Certificate) in which he claimed ninety-nine allowances and an "exempt" status from Internal Revenue withholding provisions. *See* Water District Defendants' Motion to Dismiss (# 4) at 2. On the same date, plaintiff also executed the required Affidavit of Exemption. *Id.* Both documents were turned over to the Water District's Human Resources Department. *Id.* Pursuant to regulations promulgated by the United States Treasury, the Human Resources Department then forwarded these documents to the Internal Revenue Service ("IRS") Computer Center in Detroit, Michigan. *See* Federal Defendants' Motion to Dismiss (# 18) at 2.

On August 12th, 1996, defendant Water District received a signed letter from John Miller, Chief of the IRS's Currency Reporting & Compliance division.[1] *See* Amended Complaint (# 2), Exhibit A. This letter directed defendant Water District to disregard plaintiff Pesci's Form W–4 and withhold tax as if the employee claimed a single filing status with zero allowances. *Id.* The letter also instructed defendant Water District not to honor any other Form W–4s from plaintiff claiming more than zero allowances or exemption from withholding unless it heard from the IRS. *Id.* Furthermore, the letter warned defendant Water District that: "employers who don't deduct or withhold the proper amount of tax from their employees, as we

direct, may be required to pay the tax themselves." *Id.* The Water District complied with the IRS's instructions.

On October 3rd, 1996, defendant Water District received another letter from the IRS which repeated the conclusion of the first letter, to withhold plaintiff's tax as if he were claiming zero allowances.[2] *See* Water District Defendants' Motion to Dismiss (# 4) at 3. The second letter was signed by T.D. Fairchild, Tax Examiner. *Id.* Once again, pursuant to federal law, defendant Water District complied with the IRS's instructions.

Plaintiff has now filed suit against the Water District Defendants and the Federal Defendants seeking to recover the withheld money which totals approximately $24,000. In his complaint, plaintiff seeks to quiet title to the withheld money, alleges the withheld money was wrongfully seized, alleges an unlawful conversion has taken place, alleges his civil rights have been violated and claims both sets of defendants have violated racketeering laws. *See* Amended Complaint (# 2).

### Analysis

**A. Motion to Dismiss Standard Under Federal Rule of Civil Procedure 12(b)(6)**

In considering a motion to dismiss for failure to state a claim, all material allegations in the complaint must be accepted as true and construed in a light most favorable to the nonmoving party. *Russell v. Landrieu,* 621 F.2d 1037, 1039 (9th Cir. 1980). The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice, *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1388 (9th Cir.1987), are conclusory or mere legal conclusions, or unwarranted deductions of fact or unreasonable inferences, *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754–55 (9th Cir.1994); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981), or contradicted by documents referred to in

---

1. A copy of this letter is attached to plaintiff's complaint as Exhibit A.

2. A copy of this letter is attached to Water District Defendants' Opposition as Exhibit B.

the complaint, *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994), or are internally inconsistent, *Response Oncology, Inc. v. Metrahealth Ins. Co.,* 978 F.Supp. 1052, 1058 (S.D.Fla.1997).

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *North Star Inter'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir.1983). For the motion to succeed, it must appear to a certainty the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Rae v. Union Bank,* 725 F.2d 478, 479 (9th Cir.1984). However, the motion does not test whether the plaintiff will prevail on the merits, but merely whether the plaintiff has properly stated a claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

██ Furthermore, the court recognizes allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

### B. The Water District Defendants

Plaintiff has brought five claims against the Water District Defendants. Plaintiff seeks to quiet title to the withheld money, alleges the withheld money was wrongfully seized, alleges an unlawful conversion has taken place, alleges his civil rights have been violated and claims the Water District defendants have violated racketeering laws. The court, however, finds plaintiff's complaint is simply a product of artful pleading and in reality, plaintiff merely challenges his employer's compliance with the Internal Revenue Code by withholding

federal income tax. Therefore, the court is guided by the Ninth Circuit's decision in *Bright v. Bechtel,* 780 F.2d 766 (9th Cir. 1986).

In *Bright,* the IRS issued a directive to plaintiff's employer declaring plaintiff's W–4 Form invalid and ordering the employer to begin withholding federal income tax. *Bright,* 780 F.2d at 768. The *Bright* plaintiff brought a breach of contract claim in state court asserting the employer breached the employment contract by paying employee less than the contract required with a paycheck that withheld state and federal income taxes. *Id.* The employer removed the action to federal court and moved for dismissal. *Id.* The *Bright* court found plaintiff's complaint was a product of artful pleading, since it really challenged the federal income tax withholding laws and regulations. *Id.* at 769. Thus, relying on Ninth Circuit law, the court upheld the dismissal of plaintiff's complaint. *Id.* at 770.

Similarly, in the instant case, the IRS sent two letters to plaintiff Pesci's employer, the Water District, explicitly instructing it to disregard plaintiff's W–4 Form and to withhold tax as if Pesci claimed a single filing status with zero allowances. Moreover, the letters warned that: "employers who don't deduct or withhold the proper amount of tax from their employees, as [they] direct, may be required to pay the tax themselves." Thus, defendant Jane Goodrow, in her role as a Human Resources representative, explained to plaintiff Pesci that the IRS had directed the Water District to disregard plaintiff's W–4 Form and withhold taxes from plaintiff's paycheck. As a result, plaintiff brings this suit claiming the Water District Defendants acted on invalid IRS letters to withhold his money.[3] Plaintiff contends

---

3. In plaintiff's Opposition Motion (# 5), he claims these letters were invalid for two reasons. First, the IRS had no authority to issue them. Second, the letters did not carry the required OMB number.

Addressing plaintiff's first argument, the court finds it meritless. As explained above, the IRS had the power to issue these letters

pursuant to 26 C.F.R. § 31.3402(f)(2)–1(g)(5)(i)–(vii).

Addressing the second argument, plaintiff has cited no authority for this proposition. Thus, the court dismisses it as unpersuasive. However, the court does recognize that both IRS letters to plaintiff's employer appear to be printed on some form of IRS stationery.

the IRS had no authority to issue these letters nor did they comply with the strict procedures of the Internal Revenue Code. Yet, plaintiff argues, when he informed the Water District Defendants that the mere sending of a letter was inadequate for the seizure of his funds, they allegedly ignored his requests and paid the IRS the unlawfully withheld money.

■ Despite plaintiff's arguments, the court finds Pesci's complaint is without merit. Following the Ninth Circuit's approach in *Bright*, the court holds "[u]nder 26 U.S.C. § 3402, an employer has a mandatory duty to withhold federal income tax from an employee's wages where required by applicable regulations." *Bright*, 780 F.2d at 770 (citations omitted). In the instant case, the court finds the actions taken by the Water District Defendants, in withholding federal income tax from plaintiff's wages, were in full compliance with federal Internal Revenue regulations. See *26 C.F.R. § 31.3402(f)(2)–1* (an employer is required to secure from their employees a withholding exemption certificate relating to marital status and the number of withholding exemptions claimed); *26 C.F.R. § 31.3402(f)(2)–1(g)(1)(i) & (ii)* (requires that if employees submit certificates, wherein the total number of exemptions exceed ten or claiming status exempting them from withholding, the certificate shall be submitted with a copy of any written statements made by the employee to the IRS); *26 C.F.R. § 31.3402(f)(2)–1(g)(1) & (2)* (an employer is required to forward an employee's W–4 Form to the IRS, if the employee claims an exemption from withholding of tax while earning more than $200 per week); 26 C.F.R. § 31.3402(f)(2)–1(g)(5)(iii)–(v) (if the IRS issues a directive instructing an employer to disregard an employee's withholding exemption W–4 Form as defective, the employer must withhold amounts from the employee's wages in accordance with the IRS notice). Therefore, the court grants the Water District Defendants' Motion to Dismiss because plaintiff Pesci will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint.

■ In further support of the court's conclusion, the IRS's right to require employers to disregard an employee's W–4 Exemption Form has been recognized and upheld by many courts. See *Stonecipher v. Bray*, 653 F.2d 398 (9th Cir.1981), *cert. denied*, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982); *Stefanelli v. Silvestri*, 524 F.Supp. 1317 (D.Nev.1981), *aff'd*, 698 F.2d 1232 (9th Cir.1982); *Pascoe v. IRS*, 580 F.Supp. 649 (E.D.Mich.1984); see also *Beatty v. Commissioner of Internal Revenue*, 667 F.2d 501, 502 (9th Cir.1982) (congress has the authority to require withholding from wages).

■ Furthermore, the Ninth Circuit has also repeatedly held that an employer is not liable to an employee for complying with its legal duty to withhold tax. *Bright*, 780 F.2d at 770 (citing *Maxfield v. United States Postal Service*, 752 F.2d 433, 434 (9th Cir.1984); *Stonecipher*, 653 F.2d at 403 (employer has not breached employment contract by withholding taxes from wages and paying employee the balance); *Callow v. Amerace Corp.*, 681 F.2d 1242, 1243 (9th Cir.1982) (affirming dismissal of action against employer seeking to recover withheld federal and state income tax)); see *Edgar v. Inland Steel Company*, 744 F.2d 1276, 1278 (7th Cir.1984) (employees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability). The Internal Revenue Code, 26 U.S.C. § 3403,[4] expressly provides that an employer is liable to the

---

The "Department of the Treasury" and the "Internal Revenue Service" (with address) are printed in the letterhead and the letters are also numbered at the bottom. *See, e.g.* Plaintiff's Amended Complaint (# 2), Exhibit A.

4. Section 3403 provides:
 The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

IRS for the payment of tax withheld, and "shall not be liable to any person for the amount of any such payment." *Bright,* 780 F.2d at 770. Thus, the court concludes plaintiff's complaint against the Water District Defendants is also statutorily barred. *Id.* ("suits by employees against employers for tax withheld are statutorily barred.").

In sum, applying the Ninth Circuit's approach, the court dismisses plaintiff's complaint against the Water District Defendants for failure to state a claim upon which relief can be granted.

### C. The Federal Defendants

Plaintiff has brought the same five claims against the Federal Defendants (the United States of America, the Internal Revenue Service, John Miller, and T.D. Fairchild). Once again, the court dismisses plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), but also now relies on 12(b)(1).

1. *Motion to Dismiss Standard Under Federal Rule of Civil Procedure 12(b)(1)*

■■ A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the basis that the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a). *Thornhill Publishing Co. v. General Tel. & Electronics,* 594 F.2d 730, 733 (9th Cir.1979). Although defendant is the moving party on a motion to dismiss, plaintiff has the burden of establishing subject matter jurisdiction because plaintiff is the party invoking the court's jurisdiction. *Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir.1989). Under a 12(b)(1) motion attacking the complaint on its face, the court must consider the allegations of the complaint as true. *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884 (3rd Cir.1977).

2. *United States of America*

■ It is well recognized that the United States, as sovereign, is immune from suit unless it has consented to be sued. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); see also *Honda v. Clark,* 386 U.S. 484, 501, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967) (Congress may specify the terms and conditions of such suits as it authorizes). Yet, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed" and also must be strictly construed in favor of the sovereign. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (citation omitted); *Library of Congress v. Shaw,* 478 U.S. 310, 318, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); see also *United States v. Nordic Village,* 503 U.S. 30, 34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992) (waiver of sovereign immunity "must be 'construed strictly in favor of the sovereign' and must not be 'enlarged beyond what the language requires' "). When the United States has not waived its sovereign immunity and consented to suit, an action must be dismissed for lack of subject matter jurisdiction. See, e.g., *Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349; *Elias v. Connett,* 908 F.2d 521, 527 (9th Cir.1990).

■ Plaintiff's first two claims against the Federal Defendant are to quiet title to personal property and for a refund of money wrongfully seized. Since plaintiff's complaint does not allege or provide evidence that the United States has waived its sovereign immunity and consented to plaintiff's suit, the court dismisses plaintiff's first two claims against the United States for lack of subject matter jurisdiction. See *Baker v. United States,* 817 F.2d 560, 562 (9th Cir.), *cert. denied,* 487 U.S. 1204, 108 S.Ct. 2845, 101 L.Ed.2d 882 (1988) (the plaintiff bears the burden of showing an "unequivocal waiver of sovereign immunity").

■ Plaintiff's third claim against the United States is for Conversion. Under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.,* ("FTCA"), the United States has waived its immunity for suits alleging certain common law torts by federal officials acting within the scope of

their employment. However, a necessary prerequisite to any FTCA action in federal court is the filing of an administrative claim with the proper agency. 28 U.S.C. § 2675; see *Burns v. United States,* 764 F.2d 722, 724 (9th Cir.1985) (compliance with this requirement pursuant to 28 U.S.C. § 2675(a) is a jurisdictional prerequisite and such claims must precede any suit); see also *White v. IRS,* 790 F.Supp. 1017 (D.Nev.1990) (until plaintiff exhausts her administrative remedies, she cannot recover taxes already paid). Failure to do so is grounds for dismissal of the suit. *McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *United States v. 87 Skyline Terrace,* 26 F.3d 923 (9th Cir.1994); *Best Bearings Co. v. United States,* 463 F.2d 1177, 1179 (7th Cir. 1972) (in 1966, § 2675(a) was amended and now provides that an administrative claim is a jurisdictional prerequisite to filing or maintaining a civil action under the FTCA).

■ Despite plaintiff's claim for conversion, Pesci has not alleged nor is there any evidence that an administrative claim has been filed with the IRS. Plaintiff contends he notified his employer of the alleged unlawful withholding, yet the court finds this is insufficient to comply with the procedural requirements of § 2675(a). Therefore, the court dismisses plaintiff's third claim for lack of subject matter jurisdiction.

In additional support of its conclusion, the court also recognizes there is an exception to recovery under the FTCA which prohibits suits for any "claim arising in respect of the ... collection of any tax." 28 U.S.C. § 2680(c). As this suit involves the collection of plaintiff's tax, plaintiff Pesci would not be able to recover against the United States nevertheless. See *Hutchinson v. United States,* 677 F.2d 1322, 1327 (1982) (FTCA specifically excludes claims based upon the performance of a discretionary function by a govern-

ment officer and claims arising with respect to the assessment and collection of any tax).

Plaintiff's fourth and fifth claims for Racketeering and Conspiracy to Deny Civil Rights are also dismissed for lack of subject matter jurisdiction due to the United States' sovereign immunity and its lack of consent to be sued.

In sum, the court dismisses all of plaintiff's claims against the United States for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

### 3. The Internal Revenue Service

■ The Federal Defendants contend the IRS is simply not a suable entity and thus, must be dismissed from this action. *See* Federal Defendants' Motion to Dismiss (# 18) at 3 (citing *Blackmar v. Guerre,* 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952)). The court agrees with this argument and dismisses each of plaintiff Pesci's claims against the IRS. See *White v. IRS,* 790 F.Supp. 1017, 1019 (D.Nev.1990) (agencies such as the IRS are not suable entities); *Plemons v. U.S. Corp.,* 1993 WL 534141 (S.D.Ind.1993) (the IRS must be dismissed because the agency is not a suable entity).

### 4. John Miller & T.D. Fairchild

Plaintiff has also brought all five claims against John Miller and T.D. Fairchild. These individuals are sued in their official and individual capacities as employees of the IRS.[5]

### a. Claims Against Miller & Fairchild In Their Official Capacity

■ As discussed above, the United States, as sovereign, is immune from suit unless it has consented to be sued. The Ninth Circuit has extended this protection to government employees who have acted

---

**5.** John Miller signed the first IRS letter to plaintiff's employer and T.D. Fairchild signed the second.

in their official capacity. See *Hutchinson v. United States*, 677 F.2d 1322 (1982); *Gilbert v. DaGrossa*, 756 F.2d 1455 (1985). In *Hutchinson v. United States*, the court held:

> "The bar of sovereign immunity cannot be avoided by merely naming officers and employees of the United States as defendants. Absent consent to sue, dismissal of the action is required." *Id.* at 1327 (internal citations omitted).

 This protection has been further refined in the Ninth Circuit's decision of *Gilbert v. DaGrossa.* In *Gilbert,* the Ninth Circuit stated:

> "It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants. Thus, a suit against IRS employees in their official capacities is essentially a suit against the United States. As such, absent express statutory consent to sue, dismissal is required." *Id.* at 1458 (internal citations omitted).

As illustrated in Section C(2), there has been no waiver of sovereign immunity by the United States. Thus, the court finds each of plaintiff Pesci's claims against Miller and Fairchild, to the extent they were sued in their official capacities, is barred by the doctrine of sovereign immunity. The court finds this encompasses all of plaintiff's claims against Miller and Fairchild, except for the *Bivens* claim which is discussed below.[6]

 In further support of its conclusion, the court finds defendants Miller and Fairchild are also immune from suit because of their qualified immunity. See *Hutchinson*, 677 F.2d at 1328 (citing *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894,

57 L.Ed.2d 895 (1978) (federal officials are generally entitled to at least the same "qualified immunity" previously accorded to state officials)). The Ninth Circuit in *Hutchinson* developed a two-prong test where a government officer acting in the course of his official duties is insulated from suit if (1) there existed reasonable grounds for the belief that the challenged action was appropriate, and (2) the officer acted in good faith. *Id.*

The court believes nothing in plaintiff's amended complaint suggests Miller and Fairchild acted unreasonably or that they acted in bad faith. It is true Pesci alleges Miller and Fairchild extorted him and his employer, but that argument is without merit. See Amended Complaint (# 2) at 3, ¶ 11. It is clear to the court that Miller and Fairchild were simply acting in compliance with federal Internal Revenue regulations when they sent the letters to Pesci's employer.

Therefore, to the extent that Miller and Fairchild are sued in their official capacities, the court dismisses plaintiff's complaint for lack of subject matter jurisdiction.

### b. *Claims Against Miller & Fairchild In Their Individual Capacity*

As part of plaintiff's complaint, Pesci alleges Miller and Fairchild, as well as the other now dismissed defendants, violated his Fourth Amendment rights by withholding taxes from his paycheck. Thus, plaintiff contends Miller and Fairchild are not immune from suit in their individual capacities under the Fourth Amendment. See *Bivens v. Six Unknown Named Agents of*

---

**6.** The court finds Pesci's claims against Miller and Fairchild for Racketeering and Conspiracy to Deny Plaintiff's Civil Rights are brought against them in their official capacities. In plaintiff's amended complaint, all factual allegations that form the underlying basis for these claims describe Miller and Fairchild conducting themselves in the normal course and scope of their employment. For example, with respect to the Racketeering claim, paragraphs Ten through Twelve allege that Miller and Fairchild sent the letters to intimidate the Water District and otherwise extort money. Yet, Miller and Fairchild sent these letters pursuant to Internal Revenue regulations and in their official capacity as employees of the IRS. Therefore, the court finds the *Bivens* claim is the only viable claim against Miller and Fairchild in their individual capacities.

*the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The Ninth Circuit has recognized that sovereign immunity does not bar an action for damages against a federal official in his individual capacity for violations of a person's constitutional rights. See *Gilbert,* 756 F.2d at 1459. Such recognition stems from the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* where the Court held federal employees in their individual capacities can be sued, where the employees are alleged to have violated the Constitution while acting under color of federal authority. In order to maintain a *Bivens* action, the plaintiff must allege specific actions taken by the employees in their individual capacities which violated a clearly established constitutional right of the plaintiff. See, e.g., *Del Elmer, Zachay v. Metzger,* 967 F.Supp. 398, 401 (S.D.Cal.1997).

The court finds plaintiff's complaint cannot satisfy this burden. Pesci has made general allegations of constitutional violations, but has provided no factual support for these claims. All of plaintiff's allegations refer to Miller and Fairchild conducting themselves in the normal course and scope of their employment. Not once does plaintiff demonstrate that Miller and Fairchild acted contrary to Internal Revenue regulations, nor does plaintiff present a true violation of his constitutional rights.

Moreover, the Ninth Circuit has rejected attempts to impose *Bivens* liability in the context of federal tax collection. See *Wages v. IRS,* 915 F.2d 1230, 1235 (9th Cir.), *cert. denied,* 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991) (affirming dismissal of *Bivens* claims against several IRS employees, because even though the plaintiff appeared to allege violation of her Fourth and Fifth Amendment rights, "we have never recognized a constitutional violation arising from the collection of taxes"); *Decker v. Richardson,* 920 F.Supp. 141, 143–44 (D.Or.1996) ("actions taken in conjunction with a federal tax collection will not support a *Bivens* claim . . . [T]he collection of taxes is not a constitutional violation which would allow plaintiffs to successfully maintain a *Bivens* action against the federal defendants in their personal capacities") (internal and other citations omitted); *Myers v. United States,* 883 F.Supp. 526, 532–33 (D.Or.1995) ("it is well settled that plaintiff may not maintain a *Bivens* claim for damages arising from the improper collection of taxes because there is no constitutional violation").

Therefore, since Pesci has asserted no specific facts establishing a constitutional violation and no unique allegations making this case different from other cases in which a *Bivens* claim has been rejected, the court dismisses plaintiff's *Bivens* claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## D. Equitable Relief

As part of plaintiff's prayer for equitable relief, Pesci requests a restraining order preventing both sets of defendants from withholding his taxes in the future. However, as the Ninth Circuit recognized in *Bright,* such requests are barred by the Anti–Injunction Act, 26 U.S.C. § 7421(a), which prohibits suits "for the purpose of restraining the assessment or collection of any tax." *Bright,* 780 F.2d at 770. Thus, as plaintiff's suit can be viewed as one to restrain the collection (through withholding) of federal income tax, the court does not have jurisdiction to hear this claim.

### Conclusion

Accordingly, **IT IS ORDERED** that the Water District Defendants' Motion to Dismiss (# 4) be *GRANTED WITH PREJUDICE.*

Accordingly, **IT IS ORDERED** that the Federal Defendants' Motion to Dismiss (# 18) be *GRANTED WITH PREJUDICE.*

The clerk shall enter judgment accordingly.